No. 34,208

ALBERT CLARK, *Appellee,* v. ROLAND WILSON, *Appellant.*

(88 P. 2d 1070)

Opinion filed April 8, 1939.

*A. J. Curran* and *W. W. Kennedy,* both of Pittsburg, for the appellant.
*F. B. Wheeler,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

Hoch, J.: The question here presented is whether plaintiff's action is barred by the statute of limitations.

On March 11, 1938, plaintiff Clark filed petition in the district court of Crawford county seeking to recover damages for personal injuries alleged to have been caused by defendant Wilson's negligent operation of an automobile on March 13, 1936. To this petition defendant filed a general demurrer on May 6, 1938, alleging that the petition did not state a cause of action. The demurrer was sustained on May 10, 1938, and no appeal taken from the court's ruling. Plaintiff asked permission to file an amended petition, which was granted, and the amended petition was filed on May 11, 1938. On May 17, 1938, defendant demurred to the amended petition on the ground that it showed on its face that the action for the alleged injuries was barred by the statute of limitations. This demurrer was overruled on September 22, 1938, and from that ruling of the court defendant appeals.

Defendant's notice of appeal was filed in the district court on November 5, 1938. On December 3, 1938, plaintiff gave notice of cross-appeal and by motion asked this court for an order permitting the filing of cross-appeal. The cross-appeal was denied because it was not filed within twenty days after the filing of notice of appeal as required by the statute. There is, therefore, nothing before this court but the question of whether plaintiff's amended petition was barred by the statute of limitations.

Actions in tort are barred unless commenced within two years after the date when the alleged injury took place. (G. S. 1935, 60-306, *third; Becker v. Porter,* 119 Kan. 626, 240 Pac. 584; *Graham v. Updegraph,* 144 Kan. 45, 58 P. 2d 475.) The alleged injuries in this case having taken place on March 13, 1936, it was necessary to commence action not later than March 13, 1938. Since the general demurrer to the original petition, filed on March 11, 1938, was sustained on the ground that it did not state a cause of action, and no appeal was taken from the ruling, we must treat the demurrer as properly sustained. The amended petition was filed on May 11, 1938, which was considerably more than two years after the accident.

It is well established in this state that where a general demurrer to a petition alleging that no cause of action has been stated is sustained, the filing of an amended petition does not relate back to the

date of the filing of the original petition, and the running of the statute of limitations is not suspended by the filing of the original petition. In other words, as far as the statute of limitations is concerned, action is not commenced by the filing of a petition which does not state a cause of action. (*Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254; *Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693; *Taylor v. Swift & Co.,* 114 Kan. 431, 219 Pac. 516; *Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 237 Pac. 932; *Commercial Nat'l Bank v. Tucker,* 123 Kan. 214, 254 Pac. 1034; *Badger Lumber & Coal Co. v. Brown,* 124 Kan. 255, 259 Pac. 786; and *Kerr v. Carson,* 133 Kan. 289, 299 Pac. 929.) Therefore, the ruling of the trial court overruling defendant's demurrer to plaintiff's amended petition is reversed, and the cause is remanded with directions to enter an order sustaining the demurrer.