No. 34,731

FRIEDA SPRINGER and ESTELLE M. DAEMICKE (Original Plaintiffs),
WILLIAM H. McDANIELS and CHRISTINA McDANIELS, *Appellants*,
v. HUGH N. ROBERTS, *Appellee.*

(101 P. 2d 908)

Opinion filed May 4, 1940.

*Benjamin F. Hegler, W. R. Glass* and *M. P. Shearer,* all of Wichita, for
the appellants.

*C. H. Brooks, Howard T. Fleeson, Carl G. Tebbe, Wayne Coulson* and
*Paul R. Kitch,* all of Wichita, for the appellee.

The opinion of the court was delivered by .

THIELE, J.: The principal question in this appeal is whether a
claimed cause of action was barred by the statute of limitations.

This action was commenced by the filing of a petition on De-
cember 18, 1935, by Frieda Springer and Estelle M. Daemicke, al-
leging they were residents of Chicago, Ill., and that they were
creditors and depositors of the Halstead Street State Bank, which
was closed on March 3, 1933, and that it was later determined the
capital stock of the bank was impaired and the impairment could
not be made good. It was further alleged that Hugh N. Roberts
was a stockholder of the bank and from October 14, 1918, to Janu-
ary 26, 1927, held certificate No. 359 for thirteen shares; that dur-
ing that period there were unsatisfied liabilities accruing in the sum
of $59,939.78 and as a consequence defendant became liable to
plaintiffs in the sum of $1,300; that article XI, section 6, of the
constitution of 1870 of the state of Illinois provided:

"Every stockholder in a banking corporation or institution shall be in-
dividually responsible and liable to its creditors over and above the amount
of stock by him or her held to an amount equal to his or her respective

shares so held, for all its liabilities accruing while he or she remains such stockholder."

That under the laws of Illinois the liability of stockholders was available only to creditors of banks, and any one or more of the creditors might file suit in behalf of themselves and all other creditors, and that under the laws of Illinois the statutes concerning limitation of actions did not commence to operate until the bank ceased to do business as a going concern, and that defendant's liability as determined by the laws of Illinois was $1,300 and interest, for which plaintiffs prayed judgment.

Defendant filed a motion that the petition be made more definite and certain, and on hearing on July 25, 1936, it was sustained insofar as to require plaintiffs to state when they became creditors of the bank, whether their indebtedness was represented in writing, whether the indebtedness had a fixed maturity or was payable on demand, to set out the nature of the unsatisfied liabilities accruing between October 14, 1918, and January 26, 1927, and to set forth the date the bank was chartered. At the same time plaintiffs moved for permission to make additional parties plaintiff and to file an amended petition, which motion was allowed.

Thereafter on September 22, 1936, the plaintiffs filed an amended petition identical with the original petition except that the names of William H. McDaniels and Christina McDaniels were added as plaintiffs and six paragraphs were added. Of these, two were to comply with the motion to make definite and certain. No. 6 alleged the general nature of the unsatisfied liabilities totaling $52,-939.78, and No. 10 alleged that the bank was chartered November 25, 1912. The other four paragraphs were new. No. 7 alleged that plaintiffs McDaniels became creditors of the bank on a savings account starting January 1, 1922, no money was checked out, and when the bank failed there was $3,493.93 on deposit in the account, dates and amounts being shown on an exhibit attached. No. 8 alleged the total deposits made prior to the date defendant transferred his stock was $1,918.81. No. 9 alleged the indebtedness was payable to plaintiffs McDaniels on demand, and No. 11 alleged:

"This case is brought on behalf of plaintiffs and of all other depositors and creditors of said bank whose claims are for debts of said bank which existed during the period when the said defendant was a stockholder."

The amended petition contained no other or further allegation with respect to the claim of the original plaintiffs than as was set

out in the original petition. Nothing further happened until September 18, 1937, when, on plaintiffs' motion, the cause was dismissed without prejudice as to the plaintiffs Springer and Daemicke.

On October 11, 1937, defendants filed a demurrer, one of the grounds of which was that the amended petition showed affirmatively that the alleged causes of action were barred by the statute of limitations. On June 30, 1939, the demurrer was sustained on the ground stated. Before discussing the correctness of that ruling, we shall complete the history of the action.

By leave of court, the plaintiffs filed their second amended petition which generally covered the same matters as the first amended petition, and in addition referred to certain litigation instituted by the original plaintiffs Springer and Daemicke, in the chancery court of Cook county, Illinois, a copy of the first amended and supplemental bill of complaint there filed being attached as an exhibit. It was further alleged that the instant action was merely ancillary to the action in Illinois, and plaintiff's intent in filing it was set out. There was also considerable allegation with respect to methods of determining liability, etc., and reference to the decisions in Illinois with respect thereto. Without being specific, it may be said that on motion of defendant, all portions of the second amended petition pertaining to the intent of plaintiffs and to the suit in Cook county, Illinois, and the decisions of Illinois were stricken from that pleading. Thereafter defendants demurred to the second amended petition on three grounds: (1) The cause was barred by the statute of limitations. (2) No cause of action was stated. (3) The cause of action attempted to be stated in the second amended petition was identical with that attempted to be stated in the first amended petition, to which the court had sustained a demurrer, and that ruling constitued a complete bar to the cause of action attempted to be stated in the second petition. This demurrer was sustained, plaintiffs elected to stand upon their second amended petition, judgment was rendered against them, and the appeal followed.

Appellants specify as error the rulings on the motions and demurrers mentioned.

Appellants concede that the action is based upon a statutory liability; that the limitation of time in which an action must have been commenced was three years, and that it commenced to run March 4, 1933. The original petition was filed within the three-year period. The first amended petition was filed after that period had elapsed.

Although no demurrer was lodged against the original petition, it is necessary that its legal sufficiency be determined as a basis for considering the sufficiency of the second petition, especially with respect to whether the latter stated a cause of action that related back to the original petition. With respect to the first petition it is noted that the liability of defendant, if any, is predicated on the constitutional provisions that as a stockholder in a banking corporation he is liable to an amount equal to his share for all liabilities accruing while he remains a stockholder, and in order that a cause of action be stated, there must be allegations as to the defendant's being a stockholder, of the amount of stock held, and of facts showing the liabilities which the creditor seeks to recover while the defendant remained a stockholder.

While considerable space in the briefs is devoted to whether an individual may bring the suit in his own behalf or in a representative capacity for the benefit of himself and other creditors, a discussion thereof is not helpful in considering the original petition, for in that petition it clearly appears the two original plaintiffs sought only a recovery for their own benefit. The allegation of the petition is that defendant owned thirteen shares of stock, that during his period of ownership there were unsatisfied liabilities of $59,939.78 and as a consequence "defendant herein became liable to these plaintiffs in the sum of thirteen hundred dollars ($1,300)." And the prayer was for a judgment in their favor for that amount. There is no allegation in the petition that the suit is in a representative capacity, nor is there any allegation from which any such conclusion can be inferred. There is an allegation that certain unsatisfied liabilities accrued while defendant was a stockholder, but there is no direct allegation nor any allegation from which it may be inferred that these liabilities persisted from January 26, 1927, when defendant sold his stock, to March 4, 1933, when the bank was closed, and that they were in existence at the latter date. The record is barren of any allegation as to the bank's condition at the time it closed, further than its capital stock had become impaired and the impairment could not be made good. While the petition did allege that unsatisfied liabilities totaling $59,939.78 accrued while defendant held his stock, there is an utter lack of any allegation that the plaintiffs were creditors during any of that period or were the owners of any part of those unsatisfied liabilities. Lacking such allegations, there was no showing of responsibility

and liability of the defendant to the plaintiffs, and consequently no cause of action was stated.

In response to the court's ruling on the defendant's motion to make definite and certain, and at the request of the two original plaintiffs, and after the period of limitation had expired, the first amended petition was filed. So far as the two original plaintiffs were concerned, no effort was made to comply with the order they make their petition definite and certain by stating when they became creditors and depositors of the insolvent bank—the amended petition in that respect was identical with the original petition. Neither was there any allegation the liabilities accruing while defendant owned his stock persisted at the time the bank closed. The only new allegations pertained to the claim of the newly added plaintiffs, and for the first time it was alleged any plaintiff had a claim against the bank which accrued during the time defendant was a stockholder of it and that the suit was brought in a representative capacity. Appellants contend these amendments relate back to the original petition. We do not think so.

It is quite clear that in the original petition the then plaintiffs attempted to state a cause of action for their own personal benefit, based upon a right accruing to them personally and in which no one else was interested. The cause of action stated in the second cause of action had its foundation in the claim of the newly added plaintiffs that they were creditors and depositors of the insolvent bank, and that a liability accrued in their favor at a time when defendant was a stockholder, and it was then alleged that suit was brought in a representative capacity. The newly added plaintiffs had no interest in the claim attempted to be asserted by the original plaintiffs, nor did the original plaintiffs have any interest in the liability accruing to the plaintiffs. The fact that all four were named as plaintiffs in the amended petition, and the cause was dismissed as to the original plaintiffs, was not a substitution of plaintiffs as to the cause of action attempted to be asserted in the original petition.

Appellants cite and rely on *Cunningham v. Patterson*, 89 Kan. 684, 132 Pac. 198, but it does not support their contention. In that case, plaintiff brought an action to recover for death by wrongful act, the original petition failing to make reference to a Missouri statute which authorized recovery, and after demurrer was sustained, an amended petition was filed setting up the missing matter.

In the meantime, the statute of limitations had run and the question was whether the amended petition related back, and the affirmative was held. Space prevents extensive quotation, but this court said:

"In this state an action is deemed not to be commenced, for the purpose of interrupting the running of the statute of limitations, until a petition is filed which states a cause of action. A petition which is subject to a general demurrer is regarded, in this respect, as being no petition at all. (*Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189, 3 L. R. A., n. s., 259; *Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254.) This rule is rejected in some jurisdictions, including two in which it had formerly prevailed. (*Ellison v. Georgia Railroad Co.,* 87 Ga. 691, 13 S. E. 809; *Bourdeaux v. Tucson Gas, Etc., Co.,* 13 Ariz. 361, 114 Pac. 547, 33 L. R. A., n. s., 196.) *It cannot apply in the present case. The original petition did state a cause of action."* (p. 685.) (Italics ours.)

And after discussing presumptions as to the laws of Kansas and the effect of the Missouri statute, the court said further:

"It is the settled law of this jurisdiction that after the expiration of the limitation period the plaintiff may not effectively so amend a petition as to state a new cause of action. He may not, under such circumstances, convert an action based upon the common law into one based upon a statute. (*A. T. & S. F. Rld. Co. v. Schroeder,* 56 Kan. 731, 44 Pac. 1093.) Nor may he revive a barred claim for damages for a tort by incorporating it in a petition filed in due time, declaring upon another tort of the same character. (*Railroad Co. v. Sweet,* 78 Kan. 243, 96 Pac. 657.) It will not do, however, to say that after the time has expired within which an original action could be begun, he may not make a material change in his allegation of facts, for that is the only possible object of any amendment in the statement of a cause of action that is worth making at all. In the present case we do not think the amendment changed the identity of the cause of action. It merely substituted a correct for an erroneous statement of the facts relied upon for a recovery." (p. 687.)

The above quotation is followed by reference to many of our decisions where amendments were upheld, and attention is directed thereto. From all of them the rule may be summarized as stated in *Higman v. Quindaro Township,* 91 Kan. 673, 675, 139 Pac. 403, where it was said:

"Amendments to a petition which amplify a cause of action imperfectly pleaded or substitutes a correct for an erroneous statement of facts relied on for recovery ordinarily relate back to the commencement of the proceeding, but where the amendment sets forth a new cause of action the statute of limitations continues to run until the amendment is filed. (*Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254; *Railroad Co. v. Sweet,* 78 Kan. 243, 96 Pac. 657; *Cunningham v. Patterson,* 89 Kan. 684, 132 Pac. 198.)" (p. 675.)

Later cases treating the general question are *Harlan v. Loomis,* 92 Kan. 398, 140 Pac. 845; *Contracting Co. v. Railway Co.,* 102 Kan. 799, 808, 172 Pac. 527; *Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 237 Pac. 932; *Kerr v. Carson,* 133 Kan. 289, 299 Pac. 929; *Clark v. Wilson,* 149 Kan. 660, 88 P. 2d 1070. We need not comment on decisions from other states, nor refer to other authority cited by appellants. The matter is concluded by our own decisions. The amended petition, if otherwise sufficient, stated a different cause of action than that attempted to be alleged in the original petition. When the amended petition was filed, it did not relate back as of the time the original petition was filed. It was filed after the bar of the statute of limitations had fallen; that fact appeared from the amended petition, and the trial court properly sustained the demurrer.

We direct our attention briefly to the second amended petition. In its principal aspects, its allegations were the same as in the amended petition. The new allegations went principally to plaintiff's statements of their intent and purpose in bringing the action and to matters explanatory thereof. The effect of the original petition and the amended petition were to be determined from the allegations therein contained, and not by what the pleaders said in a later pleading. (See *Kansas City v. Hart,* 60 Kan. 684, 690, 57 Pac. 938.) These allegations as to intent and purpose were properly stricken. That left a petition substantially like the one to which a demurrer had been sustained. There was no error in the sustaining of the demurrer to the second amended petition on either the first or third grounds as mentioned above. The second amended petition showed the cause of action was barred by the statute of limitations, and the record showed that the question had been previously determined.

The judgment of the trial court is affirmed.