No. 35,307

E. W. Roberts, Administrator of the Estate of Charles W. Setty, Deceased, *Appellant,* v. A. R. Setty, Guardian, *Appellee.*

(119 P. 2d 539)

Opinion filed December 6, 1941.

*Walter E. Hembrow,* of Council Grove, for the appellant.

*W. J. Pirtle,* of Council Grove, for the appellee.

The opinion of the court was delivered by

Hoch, J.: This appeal is from an order of the district court over-ruling a demurrer to a claim filed against an estate being adminis-tered in the probate court and granting leave to amend. The probate court had sustained a demurrer to the claim on the ground that the petition, or demand, did not comply with the requirements of G. S. 1939 Supp. 59-2202, and the claimant had appealed to the district court.

Upon appeal from the probate court the district court is clothed with broad general powers under the present probate code to allow or require pleadings to be filed or amended. (G. S. 1939 Supp. 59-2408.) While appellant's abstract contains no specification of errors as required by rule 5 of this court, we do not understand that he questions that power. His contention is that the original claim, although timely filed in the probate court, did not state a cause of action and that when the district court granted leave to amend, the time within which claims must be exhibited (G. S. 1939 Supp. 59-2239) had expired, and that no amendment could then lift the bar of the statute—invoking the well-established rule that the filing of a petition which does not state a cause of action does not toll the

statutes of limitation. (*Bortko v. Polish National Alliance,* post, p. 533, 119 P. 2d 536; *Clark v. Wilson,* 149 Kan. 660, 88 P. 2d 1070.)

It is unnecessary to set out in full the demand as filed in the probate court on February 25, 1941. It was evidently made out on an old form used before the new probate code went into effect on July 1, 1939. It purported to cover a demand against the estate for certain taxes paid—some under a lease contract—and for certain expenditures for labor, shown in a total sum as $671.96. The supporting affidavit was as follows:

"A. R. Setty, being first duly sworn, upon his oath says: That he is the guardian of the above-named claimant; that he has personal knowledge of the facts above set forth, that credit has been given to said estate for all payments and offsets to which it is entitled, and that the said balance of six hundred and seventy-one and 96/100 dollars claimed is justly due said claimant, to the best of his knowledge and belief."

The district court expressed the opinion that the claim did state a cause of action but that it did not comply with the requirements of G. S. 1939 Supp. 59-2202 and advised the claimant that the demurrer would be sustained unless the petition were amended to conform thereto. Claimant agreed to amend and an order permitting amendment was thereupon entered. While the order did not specifically overrule the demurrer, we think, upon the record, it should be so construed.

The demand as filed did not meet the requirements of section 59-2202, but it did give the administrator notice of the nature of the claim and the amount alleged to be due the claimant from the estate, and we agree with the trial court that it stated a cause of action in terms sufficient to toll the statute which fixes the time within which demands must be exhibited (G. S. 1939 Supp. 59-2239) and that there was no error in permitting amendment—especially so in view of section 59-2201, which provides:

"Every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. No defect in form shall impair substantial rights; and no defect in the statement of jurisdictional facts actually existing shall invalidate any proceedings."

We note, in passing, that the record submitted is defective in that it does not disclose the date upon which the nine months' period for exhibiting demands expired in this case. The period begins to run on the date of the first published notice to creditors (G. S. 1939

Supp. 59-2239), but the record does not show what that date was. Therefore, strictly on the record before us, we could not say, even if the original claim had failed to state a cause of action, that there was not yet time to do so by amendment. However, we have accepted counsel's statement that the time for filing claims had expired, rather than basing our determination upon inadequacy of the record.

It may be added that we are, of course, not here dealing with any questions that may arise if and when the claim is amended.

The judgment is affirmed.