No. 35,333

ANTONINA BORTKO, *Appellant*, v. POLISH NATIONAL ALLIANCE OF THE UNITED STATES OF NORTH AMERICA, a Fraternal Beneficiary Society, *Appellee*.

(119 P. 2d 536)

Opinion filed December 6, 1941.

*C. D. Bruce* and *C. O. Littick*, both of Kansas City, for the appellant.

*George H. West, Patrick W. Croker* and *Tudor M. Nellor*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.:   This was an action on a beneficiary certificate.   The trial court sustained a demurrer to plaintiff's last amended petition and she has appealed.

The record discloses that defendant is a fraternal beneficiary society incorporated under the laws of Illinois and doing business in Kansas.   It issues several forms of beneficiary certificates.   On February 5, 1929, defendant issued its "Twenty Years Payment Certificate" to Franciszek Jurkiewicz in the principal amount of

$1,000, in which his mother, the plaintiff in this action, was named as beneficiary. By its terms the holder of the certificate, who had made payments of dues continuously for a period of five years, might at his option have a cash withdrawal value of $52.75, or paid-up insurance for $199, or extended insurance for seven years, 291 days. These optional benefits were larger if the dues on the certificate had been paid for longer periods. The certificate was issued subject to the bylaws of the society, which provided for the payment of dues and special assessments, if any, each month. These payments had to be paid within the time prescribed, and any member who failed to pay "shall stand suspended by the sole fact of nonpayment." A member suspended by the fact of such nonpayment could be reinstated within thirty days on his paying, personally, his back dues, plus a fine of twenty-five cents. If suspended for more than three months the bylaws required that he must make an application for reinstatement, be voted upon by the members of the "Group," the name given to the local chapter, must be examined by a physician and the examination approved by the chief medical examiner of the association, and pay all unpaid assessments and dues; and if suspended for more than six months his name should be stricken from the books, but he might rejoin the society as a new member within a year after his suspension, provided he furnished a satisfactory physician's certificate as to his health and pay all back dues and assessments with interest at four percent.

The society publishes a weekly newspaper at Chicago called the "Zgoda," which is the official organ of the society. In April, 1936, there was published in this paper an editorial entitled, "Why Not Reinstate Several Thousands of Members?" This stated that a considerable number of suspended members could be reinstated on favorable conditions, called attention to something said the week previously, and urged the local chapters to give this matter attention, and stated that not all members who were suspended would lose at once all rights to benefits, and—

"The Twenty-sixth Annual Diet (convention) held at Scranton, Penn., commanded Central Board to reform Alliances system of insurance, and the Central Board did accordingly in February, 1932.

"According to the decision of the Twenty-sixth Diet (convention) and the reformed system of insurance in the Alliance those who were active members (in good standing) of the Polish National Alliance prior and during the Twenty-sixth Diet (convention) and those who joined the Polish National

Alliance after the Twenty-sixth Diet (convention) and belonged three years or more are classified into the four following groups:

"I. Suspended whose certificates (policies) have full reserves (value) because they did not borrow in it.

"II. Suspended whose certificates (policies) burdened with loan of cash or by unpaid dues but still having certain amount of reserve accumulated by lengthy payments of dues after receiving of loan.

"III. Suspended whose certificate (policies) burdened by loan but suspension took place immediately after receiving of loan.

"IV. Suspended whose certificates (policies) have no reserve because of short time of membership in Polish National Alliance less than three years.

"Certificates of suspended members classified in groups I and II were extended, by the general secretary, for as long as the accumulated reserve will take care of their monthly dues."

The editorial continued by urging financial secretaries of local chapters to pay careful attention to such suspended members as were included in groups I and II, especially group I, for some of those might easily be reinstated.

It was alleged in the petition that at the time of the passage and enactment of the above-mentioned bylaw, in February, 1932, "the insured was behind 10 or 11 assessments (monthly)." That makes March or April, 1931, the date of the last payment made by the insured. He did not thereafter take any steps, in harmony with the bylaws, to be reinstated or to again become a member of the society. He died January 1, 1933.

On October 1, 1937, plaintiff filed an action against the defendant on this certificate in which she alleged more in detail the substance of what has been stated, and further alleged that she had personally requested the officers of the local chapter and the national officers of the association for payment of the certificate, or to treat the insured as having been reinstated, but without success, and asked for judgment upon the certificate. After some motions were disposed of in that case an answer was filed and a reply, and the case stood on the docket untried until May 13, 1940, when it was dismissed without prejudice. On July 29, 1940, plaintiff brought this action, in which the petition makes substantially the same allegations as in the petition first filed, with the further allegation that the former action had been dismissed without prejudice and this action brought within a year thereafter. After some preliminary motions defendant demurred to the petition. This demurrer was sustained on February 20, 1941. No appeal was taken from that ruling. Without notice to defendant, plaintiff succeeded in getting an order made modifying

its ruling on the demurrer by giving defendant ten days in which to amend the petition. The sole amendment made was to attach to it the copy of the editorial published in the Polish language in the Zgoda in April, 1936. This differed only in that it was published in a different language than the publication made in the same issue in the English language and which had been attached to the petition. Defendant moved to strike this last amended petition from the files, and also demurred to it. The court overruled the motion to strike, but sustained the demurrer upon two grounds—that the petition did not state a cause of action, and that any cause of action plaintiff ever had under the certificate was barred by the statute of limitations.

Thereafter plaintiff filed a motion for a new trial, one day late, and when this was overruled, filed a motion for a rehearing, which was considered and denied.

It was alleged in the petition the beneficiary certificate had an accumulated reserve sufficient to cover all delinquent payments and that it was the duty of defendant to apply such reserve to the delinquent payments and to reinstate the policy. In view of the specific allegations of the petition, these general allegations cannot be true and amount to no more than mere conclusions of the pleader. The certificate was issued in February, 1929, and dues were paid only twenty-five or twenty-six months—until March or April, 1931. On failure to make payments the certificate lapsed. The insured made no effort to reinstate it. He had not paid continuously for five years, hence the certificate had no cash surrender value. The certificate was not one which could be classified in Group I or II, as defined by the bylaw enacted in February, 1932, as printed in the Zgoda in April, 1936. We think it clear the petition did not state a cause of action.

We think it clear, also, any action plaintiff ever had on the certificate was barred by the statute of limitations, for the petition first filed was no better than the one in this case, and the filing of a petition which does not state a cause of action does not stop the statute of limitations from running. (*Davis v. Union State Bank,* 137 Kan. 264, 20 P. 2d 508; *Clark v. Wilson,* 149 Kan. 660, 88 P. 2d 1070.)

The judgment of the trial court is affirmed.