No. 38,248

THE PACIFIC INTERMOUNTAIN EXPRESS COMPANY, a Corporation, *Appellant*, v. CLYDE LASSWELL, Administrator of the Estate of HARVEY J. LASSWELL, Deceased, *Appellee*.

(229 P. 2d 763)

Opinion filed April 7, 1951.

*Marion Beatty*, of Topeka, argued the cause, and *L. M. Ascough, Harry K. Allen, John K. Corkhill, Edward H. Sondker* and *Ernest J. Rice*, all of Topeka, were with him on the briefs for the appellant.

*Ralph W. Oman*, of Topeka, argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb* and *Robert A. McClure*, all of Topeka, and *John W. Brookens*, of Westmoreland, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This appeal arises from a proceeding commenced in the probate court to establish a claim against the estate of a deceased person.

Harvey J. Lasswell, a resident of Pottawatomie county, died intestate on September 27, 1948, from injuries received in a motor vehicle accident. Shortly after his death the Pacific Intermountain Express Company, a corporation, commenced proceedings in the probate court of Pottawatomie county for administration of his estate by filing a petition wherein it asked for the appointment of an administrator and stated that it intended to prosecute a claim against such estate for damages sustained to its truck and trailer by reason of decedent's negligence, while driving his automobile, which was the cause of the accident in which it sustained injuries to its property and the decedent met his death. This petition was granted

and Clyde Lasswell was duly appointed as administrator of such decedent's estate. Thereafter, in accordance with its announced intention, the corporation exhibited its demand against the estate by filing a petition in the probate court wherein it sought to recover damages sustained by it to its property as the result of the collision. This claim was heard and denied by the probate court and the claimant took an appeal from such decision to the district court.

After the appeal reached the district court the claimant filed an amended petition and later, on the sustaining of a motion to make that pleading more definite and certain, filed a second amended petition. It is conceded that both of these pleadings were filed within 9 months after the date of the first published notice to creditors and that the second amended petition contains facts sufficient to constitute a cause of action for negligence against the estate of the decedent if it had been filed in the probate court instead of the district court.

Following the filing of the second amended petition, and more than 9 months after the date of the first published notice to creditors, the administrator of the decedent's estate moved to strike that pleading from the files and demurred thereto on the theory such pleading showed upon its face that the claim therein set forth was a claim against the estate of a deceased person which, under existing provisions of the probate code, must have been presented in the probate court of Pottawatomie county within 9 months from the date of the first published notice to creditors and that since it was not filed in such court within that period of time the petition showed upon its face the claim was barred by G. S. 1947 Supp. 59-2239 (now G. S. 1949, 59-2239) and that the district court had no jurisdiction of the person of the defendant (administrator) or the subject of the action. After a hearing the district court sustained the motion to strike the second amended petition from the files as well as the demurrer to such pleading. Thereafter, and in due time, the claimant perfected an appeal from the district court's rulings on such matters and now contends that its action with respect thereto was erroneous.

Assuming, without deciding, that when tested by the somewhat technical rules to be applied in determining the sufficiency of a petition under our code of civil procedure, the original claim as filed in the probate court failed to state a cause of action based on the decedent's negligent operation of his automobile the instant appeal presents but one question and, with what has been heretofore

stated, does not even require a recitation of the factual averments to be found in any of the pleadings filed by the appellant. That question can be stated thus: After an appeal from an order of the probate court denying a claim against an estate upon its merits has been taken to the district court can the claimant amend his petition for the allowance of the claim in district court, provided he does so before expiration of the 9 months' period within which claims can be filed against the estate, when such amendment states a cause of action in tort against the decedent where the original petition failed to state facts sufficient to constitute a cause of action for actionable negligence?

Resort to our decisions reveals the foregoing question was answered in the affirmative shortly after the enactment of the new probate code in *Roberts v. Setty,* 154 Kan. 505, 119 P. 2d 539. In that case it was contended the original claim, although timely filed in the probate court, did not state a cause of action and that when the district court granted leave to amend after the time within which claims must be exhibited under the provisions of G. S. 1939 Supp. 59-2239 had expired, the amendment could not then lift the bar of the statute. This particular question was not passed upon due to the fact we agreed with the trial court in its conclusion the petition as originally filed stated a cause of action in terms sufficient to toll the statute and hence was subject to amendment. However, it is to be noted that in deciding the case we did deal with the identical question here involved and held that even if the petition there in question had failed to state a cause of action in probate court it could have been amended in district court to state one since it did not appear from the record the time for filing such claim under the provisions of the nonclaim statute had expired. At pages 506 and 507 of the opinion in that case, after calling attention to the fact that upon appeal from probate court the district court was clothed with broad general powers under then existing provisions of the probate code (G. S. 1939 Supp. 59-2408) to allow or require pleadings to be filed or amended, we said:

"We note, in passing, that the record submitted is defective in that it does not disclose the date upon which the nine months' period for exhibiting demands expired in this case. The period begins to run on the date of the first published notice to creditors (G. S. 1939 Supp. 59-2239), but the record does not show what that date was. Therefore, strictly on the record before us, we could not say, even if the original claim had failed to state a cause of action, that there was not yet time to do so by amendment. . . ."

At the time of the rendition of our decision in the foregoing case the provisions of G. S. 1939 Supp. 59-2408, relied on as a basis for what there was said and held, read as follows:

"Upon the filing of the transcript the district court, without unnecessary delay, shall proceed to hear and determine the appeal, and in doing so shall have and exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in such court and as though such court would have had original jurisdiction of the matter. The district court may allow or require pleadings to be filed or amended. . . ."

In 1949 (See L. 1945 Ch. 237, § 5, now G. S. 1949, 59-2408) the legislature enlarged and expanded the provisions of the section of the probate code just quoted by adding thereto the following provision which reads:

". . . The right to file new pleadings shall not be abridged or restricted by the pleadings filed, or by failure to file pleadings, in the probate court; nor shall the trial in, or the issues to be considered by, the district court be abridged or restricted by any failure to appear or by the evidence introduced, or the absence or insufficiency thereof, in the probate court. . . ."

If, as in *Roberts v. Setty,* supra, to which we adhere, under provisions of the probate code then in force and effect, a petition for the allowance of a claim in probate court which stated no cause of action could be amended to do so after appeal to the district court as long as that amendment was made within 9 months after the date of the first published notice to creditors there can be no question that with the probate code expanded, as heretofore indicated, the rights of claimants to file amended pleadings in district court on appeals from the probate court are as great if not greater than they were prior to the enactment of the amendment. Of a certainty those rights have not been restricted or abridged. It necessarily follows the trial court erred in sustaining the demurrer to appellant's second amended petition and in striking such pleading from the files.

The judgment is reversed.