No. 40,916

Kenneth Jack Turner, *Appellee,* v. H. C. Benton and Edward Byrum, d/b/a B. & B. Sporting Goods Company, a Co-Partnership, *Appellants.*

(325 P. 2d 349)

Opinion filed May 10, 1958.

Robert C. Foulston, of Wichita, argued the cause, and George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Mal-

colm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Anthony T. Dealy, and Gerald Sawatzky, all of Wichita, and L. J. Bond and Robert M. Bond, both of El Dorado, were all with him on the briefs for the appellants.

Fred R. Vieux, of Augusta, argued the cause, and J. B. McKay and James B. McKay, Jr., both of El Dorado, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an action to recover damages for injuries sustained in a motor vehicle collision. The appeal is from an order sustaining the plaintiff's motion to strike a portion of the defendants' answer.

Our review of the facts will be limited strictly to matters essential to a disposition of the single appellate issue involved.

On May 4, 1956, plaintiff filed a petition in the district court of Butler county, setting forth the status of the parties and alleging the occurrence of a motor vehicle collision on June 17, 1955, in which he sustained injuries and for which he claimed damages.

The defendants first challenged the petition by a motion to strike which was overruled. Thereafter they filed separate demurrers to such pleading on the ground it failed to state facts sufficient to constitute a cause of action. Subsequently by its order, dated August 1, 1956, the trial court sustained such demurrers and granted plaintiff ten days in which to amend his petition. No appeal or cross-appeal has ever been taken from this order.

Following the order sustaining the demurrers plaintiff took no action whatsoever until March 15, 1957, when, with consent of the defendants, he was granted leave to file an amended petition. Thereafter, and on March 19, 1957, he filed an amended petition in his own name, such pleading containing no allegations of any interest or right of subrogation on behalf of his employer at the time of the collision or its workmen's compensation insurance carrier.

Defendants first attacked the amended petition by a motion asking that the plaintiff be required to set forth the interest of his insurance carrier. Later, and with the consent of the court, this motion was withdrawn and defendants were given twenty days in which to answer or otherwise plead. Thereafter, and within the time fixed by the court, defendants filed a verified answer. For our purpose it may be stated such pleading, among others, pleaded the following defense:

"Fifth: Defendants allege that at the time of the accident, plaintiff was employed by the W. J. Small Division of the Archer-Daniels-Midland Company. Plaintiff and his employer were under the Workmen's Compensation Act of the state of Kansas. The Fidelity and Casualty Company of New York was the Workmen's Compensation insurance carrier for plaintiff and his employer. It paid benefits to plaintiff under the Workmen's Compensation Act and its policy. Any pretended cause of action of plaintiff was assigned, by operation of law, to the said Fidelity and Casualty Company of New York one year after the date of accident. The said insurance carrier is the real party in interest and the only party authorized to maintain this action. That the action is barred by the statute of limitations."

Thereupon, without stating the ground therefore but obviously on the basis it constituted no defense to his amended petition, plaintiff filed a motion to strike "paragraph labeled Fifth" from the defendants' answer. The court heard arguments on the motion to strike during which one of plaintiff's counsel, in clarifying plaintiff's position respecting such motion, made the following statement:

"Let me remind the court at all times, this is not an action brought by the insurance company for the benefit of the plaintiff; it is an action brought by the plaintiff, claimant in the Comp case."

At the conclusion of arguments on such motion the court took all questions raised by the parties under advisement and thereafter rendered its decision, wherein it sustained plaintiff's motion, struck the fifth paragraph of the answer and gave defendants time in which to answer or otherwise plead to the amended petition. Thereupon defendants perfected the instant appeal.

From what has been related up to this point it is clear this is a common law action to recover damages from third parties which, in any event, could be commenced only within two years from the date the cause of action accrued by the person entitled to maintain it. (G. S. 1949, 60-306, *Third.*) Ordinarily the person sustaining an injury is the person entitled to maintain the action throughout the limitation period. However, as will be presently noted, this is not always true.

Under the provisions of G. S. 1957 Supp., 44-504, a part of the Workmen's Compensation Act of this state, when an injury for which compensation is payable under such Act is caused under circumstances creating a legal liability against someone other than the employer to pay damages, an injured workman has the right to receive compensation under the Act and to pursue his remedy by proper action in a court of competent jurisdiction against the negli-

gent third party. However, under the terms of this section of the statute, such action if prosecuted by the workman must be brought within one year from the date of the injury and failure on his part to bring it within such period operates as an assignment to the employer of any cause of action in tort which the workman may have against the third party, and the employer may enforce the same in his own name or in the name of the workman. (*Erb v. Atchison, T. & S. F. Rly. Co.*, 180 Kan. 60, 66, 299 P. 2d 35.) Indeed, under the provisions of the same Act (G. S. 1949, 44-532) we have held that if the workman fails to file the action within one year, and the employer likewise fails to bring it the insurer may do so before it becomes barred in his name or in the name of the workman for their benefit as their interest may appear. (*Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 377, 378, 246 P. 2d 308.)

Since, in passing on the propriety of the ruling on his motion to strike the Fifth paragraph of the answer, we must accept all factual statements set forth in that pleading as true it is equally clear from what has been heretofore stated that appellee, having elected to take compensation from his employer and at the same time maintain his common law action, is subject to and governed by the provisions of G. S. 1957 Supp., 44-504. This, under our decisions construing such section of the statute, means, among other things, that one who comes within the purview of its terms (1) must bring a proper action within one year or his right to do so will be barred and (2) that, in the event of failure to bring the action within that period of time, allegations of the kind and character here stricken from the answer constitute a proper defense and bar his right to maintain the action.

See *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444, where it is said and held:

"Defendant contends the court erred in striking the aforementioned quoted portion from its answer. There is nothing in the original petition to indicate that plaintiff's action was brought by his employer in his name. So far as the record disclosed, it was a suit by plaintiff in his individual capacity against the defendant. There was no allegation in the petition that plaintiff received any compensation or was under the Workmen's Compensation Act at the time of the injury. G. S. 1949, 60-710, provides that a defendant may set forth in his answer any new matter constituting a defense or right to relief concerning the subject of the action. This defendant did by setting forth that plaintiff at the time of the injury was an employee of Shimer; had been paid compensation, furnished hospitalization and medical attention under the Workmen's Compensation Act; that more than one year had expired prior to the filing of the

action, and that the same was barred by the limitation provided in section 44-504. It is obvious that if the defensive matter was proved, the plaintiff would be barred from maintaining the action, and the court erred in striking the quoted portion from the answer." (pp. 87, 88.)

See, also, *Erb v. Atchison, T. & S. F. Rly. Co.,* supra; *Whitaker v. Douglas,* 179 Kan. 64, 292 P. 2d 688.

Mindful that the amended petition was filed considerably more than one year after the involved injury, for and on behalf of appellee only, it should be pointed out at the outset that, under the decisions to which we have heretofore referred, the allegations of the Fifth paragraph of the answer set forth a good and sufficient defense to the amended petition standing alone. In other words, such amended pleading must relate back to the original petition in order to avoid the bar of the statute (44-504). Appellee strenuously argues that it does. The difficulty with all arguments advanced by him on this point is that it has been squarely decided against him in one of our decisions which has never been set aside or disapproved and is therefore the settled law of this state. See *Clark v. Wilson,* 149 Kan. 660, 88 P. 2d 1070, to which we adhere, where it is held:

"Where a demurrer to a petition is sustained on the ground that the petition does not state a cause of action, the filing of such petition does not arrest the running of the statute of limitations, and the filing of an amended petition does not relate back to the date of the filing of the original petition so as to deprive the defendant of the defense of the statute." (Syl.)

For decisions where the rule of *Clark v. Wilson,* supra, is quoted verbatim, see *Turner v. Jarboe,* 151 Kan. 587, 593, 100 P. 2d 675; *Waddell v. Woods,* 160 Kan. 481, 487, 163 P. 2d 348. For others where that decision is cited with approval see *Springer v. Roberts,* 151 Kan. 971, 977, 101 P. 2d 908; *Roberts v. Setty,* 154 Kan. 505, 506, 119 P. 2d 539; *Bortko v. Polish National Alliance,* 154 Kan. 533, 536, 119 P. 2d 536.

*Moeller v. Moeller,* 175 Kan. 848, 267 P. 2d 536, relied on by appellee as here precluding application of the rule just quoted is clearly distinguishable. There no demurrer was ever filed to the original petition and this court was not confronted with an adjudication, unappealed from, holding such pleading failed to state a cause of action.

In attempting to avoid the force and effect of the conclusion heretofore announced appellee insists that in *Clark v. Wilson,* supra, there is no showing that the original petition stated a cause of

action. The answer to this contention is to be found in the opinion of that case where it is said that since the general demurrer to the original petition was sustained on the ground it did not state a cause of action, and no appeal was taken from that ruling, the court must treat the demurrer as properly sustained. And so here, whatever the fact may be, at the time the trial court sustained the motion to strike the Fifth paragraph of the appellants' answer, it had been adjudicated that appellee had not pleaded a cause of action against appellants when the statute of limitations (G. S. 1957 Supp., 44-504) had run against his claim. Unappealed from that ruling became and remains the law of the case and the only ruling here involved, as we have previously indicated, is the one sustaining the motion to strike the Fifth paragraph from the answer as a defense to the amended petition.

We find nothing in contentions advanced by appellee warranting a conclusion that appellants' action in consenting to the filing of appellee's belated amended petition constituted a waiver of appellants' right to thereafter make any and all legal defense that might be available to them by answer and for that reason will not labor arguments advanced by appellee respecting such contentions.

What has been heretofore stated and held compels the conclusion that, in the face of the record before us, the trial court's action in striking the Fifth paragraph of the involved answer resulted in depriving appellants of a meritorious defense. Therefore its order with respect thereto is reversed with directions to set it aside and proceed in accord with the views expressed in this opinion.

It is so ordered.