No. 20,895.

R. R. INGALLS, *Appellee*, v. J. W. SMITH, *Appellant*.

SYLLABUS BY THE COURT.

AGENCY — *Commissions* — *Matters Res Judicata.* The proceedings examined, and *held*, that the matters complained of were determined by the decision of this court on the occasion of a former appeal.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed July 7, 1917. Affirmed.

*S. A. Smith,* of Winfield, for the appellant.

*Ed. J. Flemming,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a real-estate agent to recover a commission. The plaintiff prevailed, and the defendant appeals. The principal error assigned is that the court gave the jury the following instruction:

"Under the law of this state a real estate broker has earned his commission when he has produced a customer with whom his principal enters into an enforceable agreement for the sale of the land, although the title does not actually pass, and where such contract is enforceable the question of whether it was abandoned either by the default of the vendor or vendee is of no consequence so far as the question of the agent's commission is concerned."

The elements of the controversy were stated in the opinion disposing of a former appeal, *Ingalls v. Smith,* 93 Kan. 814, 145

Pac. 846. It there appeared that the defendant, who was vendor, reserved two options in the contract of sale, one a choice between two Oklahoma mortgages, and the other an option to take or refuse an Oklahoma mortgage, as part payment of the purchase price. The plaintiff had requested a peremptory instruction to the jury to find in his favor for the amount of the agreed commission. A portion of the opinion follows:

"The evidence shows that the defendant selected the $3500 Oklahoma mortgage under the contract, and that he made and tendered a deed of conveyance in execution of the contract, so the options had been exercised and were out of the case before this suit was commenced. It is difficult to see how he can successfully claim that the contract was not enforceable. When he indicated his acceptance of the Oklahoma mortgages and made his selection from them, the contract was as binding upon him as though the writing had provided absolutely that he should take them. If the only question on this branch of the case had been whether the commissions were earned when the contract was made and the option was exercised by the defendant, an affirmative answer would be required, and in that event the plaintiff would have been entitled to the requested instruction." (p. 818.)

In the evidence on which these declarations were based were two writings, one an indorsement on an envelope, and the other a memorandum contained in the envelope. At the second trial the indorsement on the envelope was read to the jury, but was not preserved in the record. The defendant reproduces it from the abstract filed in connection with the former appeal. The memorandum placed in the envelope was not read to the jury at the second trial. Its contents may be inferred from testimony concerning it, but the defendant reproduces it from the abstract filed in connection with the former appeal. The defendant argues from these writings that his options were not exercised; that they were exercised only conditionally; that an enforceable contract was not concluded, and consequently that the quoted instruction should not have been given. The argument is foreclosed by the former decision. So far as evidence produced at the former trial was concerned, the district court was authorized and expected to proceed in accordance with the former opinion. Indeed, this court would have directed judgment for the plaintiff, but for the issue of waiver.

The defendant argues further that the rule of law stated in the instruction is unsound. Aside from the fact that it was made the law of this case by the former decision, the court is entirely satisfied with the rule.

The plaintiff was entitled to judgment, unless the defense of waiver were established. That issue was submitted to the jury under proper instructions, and no complaint is made because it was determined in the plaintiff's favor. Some minor assignments of error relate to matters so clearly without prejudicial effect that they need not be discussed.

The appeal is substantially an indirect method of obtaining a rehearing respecting the former decision. A formal petition to that end was denied on March 12, 1915, and the judgment of the district court is affirmed.