No. 21,176.

GERALD S. COBURN, H. C. MOORE, and R. J. BOSHER, *Appellees,* v. JOHN W. SIMPSON, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. WRITTEN INSTRUMENT—*Purporting to Transfer Real Estate—Testamentary in character.* An instrument which described itself as a "will testament," by which the signer undertook to "will" a part of his property to his sons, and the remainder at his death to his widow, who was named as administratrix, no word being used appropriate to a present grant, held to have been wholly testamentary in character, although acknowledged and recorded and not witnessed.

2. TRIAL—*Stipulation—Judgment on Pleadings and Stipulation—Error.* When a cause was called for trial the parties filed a stipulation that certain statements were facts in the case, a right to introduce further

Coburn v. Simpson.

evidence being expressly reserved. The plaintiffs then moved for judgment in their favor on the pleadings and findings. *Held*, that such a motion could only be rightfully sustained if the answer failed to state a defense, or if it or the agreed statement of facts contained something fatal to the defendant's recovery. For the purpose of such motion the allegations of the answer, unless contradicted by the agreed statement, must be assumed to be true, although not referred to in the stipulation.

3. WRITTEN INSTRUMENT—*Pleadings—Issues—Title—Gifts*. The answer, although characterizing as a deed the instrument described in the foregoing paragraph number one, and relying on it as conveying title to the land therein referred to, held to have presented also the issue of the passing of title by an oral gift, followed by possession and lasting and valuable improvements.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed January 12, 1918. Modified.

*N. A. Yeager,* and *R. A. Cox,* both of Augusta, for the appellant.

*Burdette Blue,* of Bartlesville, Okla., for the appellees; *M. E. Michaelson,* of Bartlesville, Okla., of counsel.

The opinion of the court was delivered by

MASON, J.: On June 9, 1914, Sarah A. Simpson executed an oil and gas lease. Thereafter assignees of the lease brought this action to determine its validity. John W. Simpson, the only defendant who made a contest, filed an answer asserting that the lease is invalid because he, and not the lessor, his mother, was at the time of its execution the owner of the land covered. The parties agree that on March 6, 1886, the tract belonged to Andrew M. Simpson, the husband of Sarah A. Simpson and the father of John W. Simpson. The defendant asserts that on that date his father made a distribution of a part of his property among his children, giving to the defendant the tract referred to. The plaintiffs allege that Andrew M. Simpson continued to own the land until his death on November 21, 1907, and that by his will it passed to his widow. When the case was called for trial a stipulation was entered into agreeing upon certain facts. The plaintiffs thereupon moved for a judgment in their favor upon the pleadings and the agreed statement. The motion was sustained and a judgment was rendered accordingly, from which the defendant appeals.

1. The answer included a statement that the land had been conveyed to the defendant by his father on March 6, 1886, and it was agreed that on that date a writing signed by Andrew M. Simpson had been acknowledged by him, and a month later had been recorded in the office of the register of deeds, reading as follows:

"The Will Testament of Andrew A. Simpson.

"I will to my oldest son Andrew M. Simpson, Jr. Two Thousand Dollars which he has already had, and to my second son Edgar' O. Simpson, the North-west quarter of Section Twenty-four (24) Township Twenty-eight (28) Range Two (2) East of the 6 P. M. in the county of Sedgwick State of Kansas, and to my daughter Mary A. Simpson Lots Forty-one to Forty-eight inclusive in Block 5, Bellamy's subdivision to South Englewood in county of Cook and state of Illinois, and the west half of the east half of the west half of the south east quarter of section Twenty four Township thirty-six (36), Range Eleven (11) East Third to P. M. in the county of Will and state of Illinois, and to my third son James A. Simpson, the south half of the south-east quarter and the south east quarter of the south-west quarter of section Thirty two (32) Township Twenty seven (27) Range Four (4) county of Butler and state of Kansas, and to my fourth son John W. Simpson, the north-east quarter of the south-east quarter of section Thirty-two (32) and the west half of SW one fourth of section Thirty three (33) Township Twenty seven (27) Range Four (4) in the county of Butler and state of Kansas, [being the land in question] and my wife Sarah A. Simpson is to have the rent, use or occupy the same so long as she lives or sees fit, and to my wife Sarah A. Simpson all other real estate and personal property whatsoever that I own or may own at my death, the said Sarah A. Simpson to be the administratrix without bonds and be guardian of my children. ANDREW. M. SIMPSON."

The first question to be determined is whether this instrument can be regarded as a conveyance. The defendant maintains that it should be given that character because it shows on its face that it was so intended, or at any event this conclusion follows when it is considered in the light of surrounding circumstances. It is of course true that the purpose of the maker should control; but it must be determined from the language used, other evidence being admissible only to explain ambiguities or make application of its provisions. We do not discover in the words of the document anything indicating that the person who signed it regarded it as a deed, or suggesting a doubt of his intention in that regard. The fact that in the first

clause the two thousand dollars, which is disposed of to the maker's son Edgar, is spoken of as a sum which he had already had, is entirely consistent with a testamentary purpose to forgive a debt arising upon a loan of that amount. That the instrument is described as a "will testament" is, of course, not conclusive, but is very significant in the absence of any word of present grant. The residuary clause disposing of all other property owned by the maker at his death, and the designation of an administratrix, also tend strongly to characterize the instrument as a will. The fact that the instrument was acknowledged and recorded might have some tendency to show that it was regarded as a conveyance, if its language were sufficiently obscure to call for interpretation in that regard; but that condition does not exist. Moreover, whatever else the signer may have had in mind, his purpose was clearly in part testamentary, and the failure to have his signature witnessed suggests strongly that he supposed the acknowledgment to be a substitute for attestation. We approve the ruling of the trial court holding that the writing did not amount to a conveyance.

2. This question being settled, there was nothing in the agreed statement of facts that tended to establish the claim of the defendant to be the owner of the land. The plaintiffs insist that nothing remains to be decided—that the case was submitted upon an agreed statement of facts, which superseded the pleadings and dispensed with any other form of proof. The record, however, does not bear out this contention. The journal entry recites that when the case was called, the parties having announced that they were ready for trial, "there was filed in open court a stipulation [in] writing agreeing to certain facts in issue in said case; the plaintiffs thereupon moved the court for a judgment on the pleadings and upon said agreed statement of facts"; and that the motion was sustained. It would, of course, have been competent for the parties to agree that the case might be heard and determined upon the pleadings and the stipulation, waiving the right to introduce other evidence. In that situation a judgment for the plaintiffs could only be reversed if their own pleadings or the agreed statement affirmatively showed that the defendant was entitled to recover. But that is not what the record shows to have taken place. The agreed statement bore this introduction: "It is

hereby stipulated and agreed by and between the plaintiffs herein and the defendant, John W. Simpson, that the following are facts [not *the* facts] in this case. Either party reserves the right to offer further material facts or evidence as they may desire." The record does not show that the defendant asked to be allowed to introduce any other evidence, but it does not show that he in any way waived the right to do so. The motion of the plaintiffs resulted in a judgment being rendered before reaching the stage of the trial when such evidence would naturally be offered. The motion was analogous to a demurrer to the answer, as modified by any admissions of the defendant made in the agreed statement. The question it presented was not whether the agreed statement showed affirmatively that the defendant ought to recover, but whether it or the answer contained anything that was necessarily fatal to his recovery. The decision in its entirety can be upheld only if the latter was the case, or if the answer failed to state a defense.

3. The remaining question is whether the answer tendered any issue other than the acquiring of title by the defendant, through the instrument referred to. It distinctly declared upon the instrument as a conveyance, and did not explicitly allege an oral grant. Some of its allegations, however, pointed to a purpose to rely upon the instrument (if it should be held not to amount to a deed) as corroborative evidence of a gift. For instance, it alleged that the defendant had made lasting and valuable improvements, and this could hardly have been for any other purpose than to support the claim of a passing of title irrespective of the writing. The portion of the answer bearing upon this aspect of the case reads as follows:

"That at said time [of the signing of the instrument referred to] he [Andrew M. Simpson, the signer thereof] made a distribution of property belonging to him and gave to his children each certain tracts of land, and money with which to buy land and executed a written instrument [the one in question] confirming and conveying to them, certain tracts and parcels of land therein described specifically conveying to this defendant [the tract in question]. . . . That said conveyance to this defendant had a condition therein named, that said Sarah A. Simpson was to have the rent, use and occupance of the same so long as she lived or saw fit. That said conveyance was made with the full knowledge and joint consent of said Sarah A. Simpson. . . . That said Sarah A. Simpson continued to use and occupy said land until this defendant attained the age of majority and had attained the age and discretion in

which he was capable of managing said property, at which time and in the year 1903, said Sarah A. Simpson and her husband turned over to this defendant full possession and control thereof, after which this defendant paid Sarah A. Simpson rent as provided by the conveyance. . . .

"That at all times after the 6th day of March, 1886, this defendant was recognized by said Andrew M. Simpson and Sarah A. Simpson as the fee owner of said land subject to the conditions named in said conveyance. That in pursuance of said conveyance and recognized ownership in him, this defendant made lasting and valuable improvements on said land to the amount of more than $1,000.

"That this defendant has been in the open, notorious and undisputed possession of said land herein described under color of title for more than fifteen years last past."

We regard these averments as sufficient, by a very liberal construction, to present the issue whether the defendant acquired title by an oral gift, followed by possession and improvements, upon which he was entitled to present evidence.

The judgment is affirmed so far as it is a determination that no title passed by the writing, but is modified to conform to what has just been said, and the cause is remanded with directions to proceed with the trial of the other issue.