Kinkel v. Chase.

---

No. 22,524.

A. R. KINKEL, *Appellee*, v. FRED F. CHASE and MABLE P. CHASE, *Appellants*.

### SYLLABUS BY THE COURT.

1. SECOND APPEAL—*Issues Involved on Former Appeal Settled—Creditor's Bill—Fraudulent Transfer of Land—Judgment Lien.* On a former appeal (*Kinkel v. Chase*, 102 Kan. 275, 169 Pac. 1134) a new trial was ordered on a single issue of fact. *Held*, that complaints of trial errors involving matters that were settled by the former appeal will not be considered, and there being sufficient evidence to sustain a finding by the court on the one question sent back for trial, the judgment is affirmed.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed June 5, 1920. Affirmed.

*W. L. Huggins*, of Emporia, and *W. J. Pirtle*, of Council Grove, for the appellants.

*Edwin Anderson*, of Council Grove, and *James A. Troutman*, of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This case is here for the second time. In the former opinion (*Kinkel v. Chase*, 102 Kan. 275, 169 Pac. 1134) practically every question raised by Chase in the present ap-

peal was decided adversely to him.    On the former appeal Kinkel was the appellant.

The facts out of which the litigation arises were stated more fully in the former opinion than will be necessary here.    Someone brought an action in the district court of Morris county against A. R. Kinkel (the plaintiff in the present suit) and Dyson Jackson on a promissory note, and judgment was rendered against them on the 23d day of June, 1913.    A. R. Kinkel satisfied the judgment as to himself and, in the manner set forth in the former opinion, became duly subrogated to the rights of the judgment plaintiff.    He brought this action to have that judgment declared a lien upon certain lands in Morris county which he claimed Jackson owned and had transferred in fraud of creditors.    The same day Kinkel's judgment was rendered another judgment was taken against Dyson Jackson in the same court.    The action was a creditor's bill and the judgment declared that 420 acres of land, to which Jackson formerly held the title, had been transferred by him in fraud of his creditors.    At the first trial Kinkel attempted to rely upon that judgment to prove the fraudulent disposition of Jackson's property.    He was a stranger to the action; it was not brought for the benefit of all the creditors, nor for the benefit of all those who might see fit to join therein, and the trial court held that Kinkel could not rely upon the judgment, and sustained a demurrer to his evidence.

The action of the trial court in holding that Kinkel could derive no benefit from the judgment to which he was a stranger was approved in the former opinion, but it was said, however, that—

"The judgment which plaintiff owns against Dyson Jackson was a lien upon the equitable interests of Dyson Jackson in the real estate in question from the first day of the term at which it was rendered.    It was of record when Chase purchased the land.    All that remained for Kinkel to establish was, that when Dyson Jackson repurchased the land he took the title in the name of his wife and son in fraud of creditors." (p. 280.)

It was therefore held that the court should not have sustained the demurrer, because if the real estate in fact belonged to Dyson Jackson on June 23, 1913, Kinkel's judgment was a lien.    The case was therefore remanded with directions to permit Kinkel to try out the question of fraud.

On the second trial attorneys for Chase insisted upon retrying all the issues, and the whole case was gone over again. This was not in accordance with the mandate, but no one was prejudiced, because the issue which the court had to try was determined on the evidence of one witness. The evidence was sufficient to sustain the finding that Dyson Jackson, in fraud of his creditors, procured a reconveyance of some of the land to a member of his family; and that he was the equitable owner of the land when Kinkel's judgment was rendered. That ends the litigation. It is unnecessary to consider the complaint that certain court records were admitted which were not competent. The trial was by the court, and the presumption is that only competent evidence was considered. Rulings on the admission of evidence in trying issues which were settled by the former appeal need not be considered. Besides, it is difficult to conceive how the admission of record evidence of the former suits and actions could have prejudiced the defendant, since the court determined upon other evidence the sole issue of fact sent back for trial. Kinkel was entitled to the decree declaring his judgment a lien upon the land.

Affirmed.