No. 25,763.

S. D. GRATNEY, as Next Friend of GLADYS GRATNEY, a Minor, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE et al., *Appellants.*

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Second Appeal—Former Decision Law of Case.* On a former appeal in this action it was held that Wyandotte county was liable for damages sustained on a public highway in that county. That holding became the law of this case under the circumstances detailed in this and the former opinions. Therefore it was not necessary to prove that the road was a county road on a new trial after the judgment of reversal on the former appeal.

2. HIGHWAYS—*Personal Injuries—Notice of Defect—Evidence.* There was sufficient evidence to prove that the chairman of the board of county commissioners had notice of a defect in a county road more than five days before an accident occurred at that place.

3. TRIAL—*Questions Determined on Prior Appeal—Submission to Jury.* On a new trial, after an appeal to the supreme court, questions determined on that appeal need not be submitted to the jury.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 7, 1925. Affirmed.

*J. H. Brady,* county counselor, and *T. F. Railsback,* of Kansas City, for the appellants.

*David F. Carson,* and *James T. Cochran,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is the second appeal in this action. The first one is reported in 111 Kan. 160-179, 207 Pac. 209.

The plaintiff sued Wyandotte county, and Quindaro township, in that county, for damages caused by injuries sustained on a defective public highway in Quindaro township. The demurrer of the county to the petition of the plaintiff was sustained, and judgment was rendered for the county. From that judgment the plaintiff appealed. A trial resulted in a judgment and verdict against the township, and from that judgment the township appealed. On those appeals it was held that the township was not liable, and that the county was liable if the allegations of the petition were true. The case was remanded. The action was then tried against the county, and the trial resulted

in a verdict and judgment in favor of the plaintiff.    The county appeals.

1. The defendant urges that on the trial from which the present appeal was taken it was not shown that the road on which the accident had occurred was a county road.    On the former appeal, in the opinion on rehearing, the court said:

"Considering the title and purpose of the act, it is held that the legislative intention was to impose a liability upon counties and townships for defects in roads and bridges, and not to restrict such county liability to defects in bridges constructed wholly by a county.    Also that subsequent legislation touching Wyandotte county evinces an intent to place the liability on the county or township whose duty it is to maintain the road or bridge where the defect exists.

"The acts cited in the former opinion are held to manifest an intention to place, in a case like the one before us, the liability upon the county—its clear duty being to maintain such road.

"It is therefore held that the trial court improperly sustained the demurrer of the county, and the cause is remanded for further proceedings in accordance herewith." (*Gratney v. Wyandotte County*, 111 Kan. 160, 176, 207 Pac. 209.)

That opinion determined that the road in question was a county road, and for that reason, on the new trial, it was not necessary for the plaintiff to prove that fact.    (*Headly v. Challiss*, 15 Kan. 602; *C. B. U. P. Rld. Co. v. Shoup*, 28 Kan. 394; *Norton v. Huntoon*, 43 Kan. 275, 22 Pac. 565; *Cornwell v. Moss*, 99 Kan. 522, 162 Pac. 298; *Ingalls v. Smith*, 101 Kan. 301, 167 Pac. 1040; *Kinkel v. Chase*, 107 Kan. 55, 190 Pac. 618.)

2. It is contended that there was not sufficient evidence to prove that the chairman of the board of county commissioners had notice of the defect five days before the accident.    A witness testified that he lived near the place of the accident; that he had taken the board of county commissioners, Samuel Clark, David Buckland and Tim Lyons past the place, had stopped there, and had said to them, "I want you men to look at that hole.   .   .   .   This is the one I have been telling you about"; that one of the county commissioners said, "Pull away, you fool Dutchman, we will fall in there"; that he had been telling the county commissioners about the hole prior to that time; that this had occurred about a month before the girl was hurt, and that the hole had been there all summer.    That was enough to show that not only the chairman of the board, but all the commissioners, had notice of the defect more than five days before the accident occurred.

3. The defendant complains of the instructions of the court, which in effect assumed that the road on which the plaintiff was injured was a county road. Whether or not the place of accident was on a county road was determined in the opinion on rehearing when the cause was here before. For that reason it was not error for the court to assume in the instructions that the road was a county road.

The judgment is affirmed.