No. 35,985

ROY N. McCUE, as Trustee, etc., *Appellant*, v. H. B. FRANKLIN et al., *Appellees*.

(143 P. 2d 646)

Opinion filed December 11, 1943.

*Irwin Snattinger, B. J. Lempenau, J. L. Hunt, Lester M. Goodell, Margaret McGurnaghan, John H. Hunt* and *George M. Brewster,* all of Topeka, were on the briefs for the appellant.

*T. M. Lillard, O. B. Eidson, P. H. Lewis, James W. Porter,* all of Topeka, *Dupuy G. Warrick, Paul G. Koontz* and *Leland Hazard,* all of Kansas City, Mo., were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether the trial court erred in denying the plaintiff's motion for permission to amend his petition, and in dismissing his action.

On April 8, 1940, the plaintiff commenced his action to recover the amount of an unpaid judgment representing the value of unpaid principal and interest on bonds secured by a mortgage on a certain theater property in Topeka, his petition containing three alleged causes of action. The demurrers of the defendants to each of those causes of action were sustained, and the plaintiff appealed to this court, which affirmed the judgment of the trial court. (See *McCue v. Franklin,* 156 Kan. 1, 131 P. 2d 704.) In that opinion will be found a more detailed statement of the facts as alleged in the petition. It will also be noted that the alleged causes of action were held to have been barred by the statute of limitations.

After the above appeal had been determined, and on February 23, 1943, the plaintiff filed his motion for permission to amend his petition, copies of the proposed amendments being made part thereof. This motion was presented to the trial court on oral argument and written brief, and after consideration that court found that if the motion to amend were allowed, "the petition would still, after inclusion of the amendments, show conclusively that the plaintiff's first and third causes of action are barred by the statute of limitations," and it denied the motion to amend and dismissed the action. In due time the plaintiff appealed from the judgment of dismissal and from the ruling on the motion.

Plaintiff's motion to amend and the proposed amendments referred to a part of one paragraph of his first cause of action and to one paragraph of his third cause of action. The original petition is long. A summary of its contents is stated in *McCue v. Franklin,* supra.

Plaintiff's first proposed amendment was of paragraph 23 (5) of his first cause of action. Preliminary to a discussion of the original allegation and of the proposed amendment, we note that by preceding paragraphs the plaintiff had charged that defendants had entered into a conspiracy, among other things, to acquire the stock of the mortgagor theater company in order to prevent its falling into the hands of a competitor; to so operate the theater as to prevent competition; to close the theater; to operate the affairs of the mortgagor theater company without regard to the rights of the mortgagor's creditors and particularly the bondholders of that company, and to avoid discovery of the fraud and conspiracy by paying current obligations of the mortgagor company and reporting at all times that company to be in a solvent condition. By paragraph 23 it was

charged that in furtherance of that conspiracy the defendants committed overt acts. Subparagraphs (1), (2), (3) and (4) contained allegations treating some of the matters above mentioned. Subparagraph (5) contained two sentences. The proposed amendment omits the second sentence and it need not be noticed further. The first sentence as originally stated read:

"5. That in furtherance of this plan, scheme and conspiracy and to prevent discovery of their fraudulent purposes, these defendants caused to be prepared and filed annual statements with the Secretary of State of the State of Kansas, showing The Kansas Amusement Company to be in a solvent condition and able to pay its debts, and this practice continued during all the times complained of herein."

The proposed amendment was:

"5. That in furtherance of this plan, scheme and conspiracy, and to prevent discovery of their fraudulent purposes, the defendants caused to be prepared and filed with the Secretary of State of the State of Kansas, annual statements of the Kansas Amusement Company containing false and fraudulent misrepresentations concerning its property and financial condition."

That sentence was followed by detailed allegations as to the report or statement filed for the year ending December 31, 1928, and what it showed, and similar allegations as to reports filed in subsequent years to and including 1936, with exhibits attached showing certain information in each report.

The other proposed amendment was of paragraph 14 of the third cause of action. That cause of action was predicated on an alleged violation of the monopoly act of Kansas. In order that the proposed amendment may be more easily understood, we note that under appropriate allegations, all allegations of the first and second causes of action were made a part of the third cause of action. Among the allegations thus included by reference were those that the defendants conspired to close the theater property and did close it in 1929 or 1930. It was alleged in the third cause of action, among other things, that defendants, through intercorporate stock control, interlocking managing officers and boards of directors with others in the same business, or working agreements, conspired to violate the Kansas monopoly statutes, and through the mediums above mentioned controlled the exhibition of motion pictures produced by eleven named film companies or film distributors, and that defendants controlled the exhibition thereof in the city of Topeka. It was further alleged that by reason of such practices the security for the bonds represented by plaintiff was greatly diminished and made

worthless, and it was impossible for the theater to be operated in competition with the theaters owned by the defendant, and plaintiff was unable to dispose of the property covered by the mortgage. See, also, the summary of the third cause of action in *McCue v. Franklin,* supra. Paragraph 14 recited:

"14. Plaintiff further alleges that the wrongful and illegal acts as aforesaid on the part of said defendants were unknown and not discovered by the plaintiff or the bondholders and not discovered by the plaintiff or the bondholders represented by him until the time of the bringing of this action."

The proposed amendment reads as follows:

"14. Plaintiff further alleges that in the foreclosure proceedings referred to herein, the plaintiff obtained the possession of the said theatre and the said leasehold interests in March, 1939, and that at that time the plaintiff attempted to and did sublet the said theatre, and the same was operated by plaintiff's tenant during the months of March, 1939, to September, 1939, inclusive. That during said period the defendant, by reason of the monopolistic practices hereinbefore alleged, prevented the plaintiff's tenant from securing first run pictures and caused the said tenant to abandon his efforts to operate said theatre in September, 1939, and made it impossible for plaintiff to lease the same for an adequate rental to pay the rents due on the ground leases herein referred to; that except for such monopolistic practices the plaintiff would have been able to sell or rent the said property for an amount sufficient, after deducting all expense, to pay the principal and interest of the said bonds as they became due; but by reason of said monopolistic practices and plaintiff's inability to rent such theatre and pay such ground rents, the plaintiff was compelled to relinquish possession of said theatre in September, 1939, at which time the owners of said real estate resumed possession thereof. That although the conspiracy to create such monopoly was formed prior to 1939 and practiced against other independent theatre owners prior to that time, the said monopolistic practices were not applied against the said Novelty Theatre until the plaintiff took possession thereof and attempted to operate the same in 1939, as above set out."

In support of his contention the trial court erred in refusing him permission to amend his first cause of action, appellant presents an argument predicated primarily on the proposition that reading his proposed amendment into that cause of action, the allegations of fact do not justify any finding of lack of diligence, on the part of the plaintiff or the bondholders whom he represents, to discover fraud that would bar recovery under the statute of limitations. Much that is said would be pertinent if we were reviewing the ruling in the appeal originally presented. (*McCue v. Franklin,* supra.) The present appeal, however, involves only the question whether the trial court erred in refusing permission to amend, as to avoid the

bar of the statute of limitations. Therefore, we need not review the argument about diligence to discover the fraud, nor that appellant was negligent in any manner, nor mention various decisions cited in support of the argument made. In respect to the proposed amendment of his third cause of action, appellant presents an argument designed to have us review the sufficiency of his petition as against a demurrer. That question is not now before us. Nor need we discuss whether the ruling made was one made in the discretion of the trial court as urged by the appellees—this for the reason the trial court did not rest its decision on any exercise of discretion. It assigned a specific reason for its ruling and we shall limit our discussion to that reason.

It appears to us that there are at least two good reasons why it may be said the trial court's ruling on the first proposed amendment was correct. First, the bar of the statute of limitations was not raised solely on account of the reports filed in the office of the secretary of state, but on account of numerous other matters, some of which we have referred to above and some of which are referred to in the opinion in *McCue v. Franklin,* supra. Even though the effect of the amendment was to show that plaintiff did not know the reports filed were false, that was only one of several elements of alleged fraud and the correction of it did not affect the others. Second, in view of preceding allegations in the petition, we think it may not be said the proposed amendment changes the force or effect of the allegation sought to be amended. It is true the fact is conversely stated and very much amplified in the proposed amendment, but the substance of the original allegation and of the proposed amendment is the same, and that is that the defendants filed statements with the secretary of state showing the mortgagor theater company was solvent, when in fact it was not.

The allegations of the third cause of action made it clear that many of the acts pleaded to show violation of our statutes prohibiting monopolies occurred prior to three years before the action was commenced and were of such nature that plaintiff and the bondholders had to take notice. Notwithstanding the allegation of original paragraph 14, as to nondiscovery, on the first appeal it was held that the third cause of action was barred by the statute of limitations. All that part of the proposed amendment of paragraph 14 prior to the last sentence is a restatement of matter contained in other paragraphs of the petition, and the force and effect of which

was determined in the first appeal. The matter contained in the last sentence of the proposed amendment is that although the conspiracy to create the monopoly was formed prior to 1939, the monopolistic practices were not applied against the Novelty Theatre until the plaintiff took possession and attempted to operate it in 1939. If that sentence be held to be only an amplification of other allegations and not an allegation of new matter, it is not sufficient to show that the bar of the statute of limitations had not fallen. In our opinion, however, the allegation is of new matter and of a cause of action that accrued not later than September, 1939, at which time plaintiff alleges he was compelled to surrender possession of the theater property to the owners of the real estate. This allegation was not in the original petition, and at least until the amendment was offered in February, 1943, could not be said to have been asserted as any ground for recovery. When so asserted over three years had elapsed and recovery thereon was barred under the statute of limitations. (See G. S. 1935, 60-306 [2] [3] and also 50-108.)

It thus appears the trial court was correct in concluding that if the amendments were allowed and included, the petition would still disclose that plaintiff's first and third causes of action are barred by the statute of limitations.

The ruling and judgment of the trial court is affirmed.