No. 40,509

STANOLIND OIL AND GAS COMPANY, a Corporation, *Appellee*, v. CITIES SERVICE GAS COMPANY, a Corporation, *Appellant*.

(313 P. 2d 279)

Opinion filed July 3, 1957.

*Alex Hotchkiss*, of Lyndon, argued the cause, and *Joe Rolston, O. R. Stites* and *Conrad C. Mount*, all of Oklahoma City, Oklahoma, were with him on the briefs for the appellant.

*George C. Spradling*, of Wichita, argued the cause, and *Harry T. Coffman*, of Lyndon, and *John F. Jones*, of Tulsa, Oklahoma, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is the second appearance in this court of litigation (See *Stanolind Oil & Gas Co. v. Cities Service Gas Co.*, 178 Kan. 202, 284 P. 2d 608) between two oil and gas corporations over an agreement whereby Stanolind Oil and Gas Company, hereinafter referred to as appellee and/or Stanolind, agreed to sell and Cities Service Gas Company, hereinafter referred to as appellant and/or Cities, contracted to buy a gas pipe line gathering system, located in the Kansas-Hugoton gas field. The instant appeal is from a decree sustaining Stanolind's motion for judgment on the pleadings and the subsequent judgment rendered against Cities in accord with that ruling.

Although the issues presently to be determined are in a sense de-

pendent upon later events and proceedings it is highly important that readers of this opinion understand the facts, conditions and circumstances governing our decision in the first appeal. Therefore, since such matters are clearly and succinctly set forth in the opinion of that decision (178 Kan. 202), and hence need not be unduly labored, we make what is there related and held a part of this opinion as fully and completely as if it were incorporated herein.

Directing attention to the first decision it should be stated at the outset, that in reaching the conclusion therein announced, we had before us a lengthy stipulation consisting of 14 paragraphs, which the parties themselves had solemnly stipulated was to be treated as supplementary to and a part of the petition, to which Cities had theretofore demurred on the ground that pleading failed to state facts sufficient to constitute a cause of action.

For purposes essential to a proper understanding of our disposition of that case, and for that matter all purposes necessary to a decision of the instant appeal, it should be stated the preamble of such stipulation provides:

"It is hereby stipulated in open court this 11th day of May, 1954, by and between the undersigned, respectively, attorneys of record for the above named plaintiff and defendant, that the court in considering and determining the demurrer of the defendant herein to plaintiff's petition shall accept as true and correct the following statement of facts as supplemental to and explanatory of the facts alleged in said petition. In event any of the facts herein stipulated are found to be contrary to the facts alleged in plaintiff's said petition, it is agreed between the parties hereto that said petition shall be considered as amended insofar as necessary to conform to the facts hereby stipulated, namely:"

And paragraph 13 of the same instrument reads:

"The sole controversy between the parties is whether the gas retained in liquid hydrocarbon form at plaintiff's plant from gas delivered from Areas 'A' and 'B' under the Gas Purchase Contract was gas purchased under said contract. The determination of said controversy depends upon the proper and true construction and interpretation of the instruments involved in this litigation. If defendant did not purchase said gas under the Gas Purchase Contract, then defendant's deductions of the same before determining the installments due on the purchase price of the gathering system were correct. If, on the other hand, defendant did purchase said gas under the Gas Purchase Contract, then said gas should have been included in determining the installments due, under the Bill of Sale, on the purchase price of the gathering system, in which event, Plaintiff is entitled to judgment against defendant in the amount of $17,788.92, with interest, and costs as prayed for by it in its petition."

Further reference to the opinion in the first appeal discloses that we treated the stipulation as a part of the petition, giving

credence to all its provisions, including those of paragraph 13 heretofore quoted; and then, after having considered all of the provisions of the involved contracts held that it was clear the entire arrangement was one whereby "Stanolind sold its gathering system to Cities, *Cities purchased all gas delivered to it by Stanolind at the well-heads,* and then in turn transported the raw gas to Stanolind's processing plant, at which point Stanolind, under rights reserved to it in the contracts, processed and extracted gasoline and other liquefiable hydrocarbons from such quantity of gas as it desired, and for which it obligated itself to pay Cities, and then released to Cities such gas as remained, and which such residue gas was satisfactory for Cities' purposes." (Emphasis supplied.) Thereupon, since such construction of the contracts required a reversal of the trial court's ruling in sustaining a demurrer to the petition, we simply reversed that ruling and sent the case back to such tribunal, without instructions, assuming that judgment would be rendered in due course on the basis of the stipulation.

Upon return of the case to the district court Cities filed an answer. Highly summarized it may be stated this pleading contains:

Express and specific denials that it was indebted to Stanolind in any amount whatsoever under the terms and provisions of the contracts attached to the petition; and like denials that under the terms and provisions of the Gas Purchase Contract it purchased all of the gas delivered to it by Stanolind or was the owner of or had any interest or right in the liquids or liquefiable hydrocarbons removed from the gas.

Allegations that (*a*) Stanolind from 1950 to 1953, inclusive, with full knowledge of the terms of the involved contracts, contended in its Federal and State Income tax returns that it was the owner of and retained an economic interest in place in such liquids and liquefiable hydrocarbons so extracted and removed by it from the gas produced and thereby obtained an additional depletion allowance under the income tax law; and (*b*) that Stanolind paid royalty under its oil and gas leases to the persons entitled thereto on the basis that it, as producer-lessee, was the owner of such liquids and liquefiable hydrocarbons contained in and removed by it at its Stanolind plant.

Averments to the effect that by reason of Stanolind's acts and conduct, as alleged in subparagraphs (*a*) and (*b*) above referred to, it had thereby estopped itself to assert that it did not own or

reserve such hydrocarbons and admitted that at all times material in the case it was the owner of the gas representing the liquefiable hydrocarbons it extracted therefrom.

Other allegations, in the nature of conclusions, reciting the legal consequences of the facts set forth in the subparagraphs heretofore identified as (a) and (b).

And a prayer for affirmative relief.

Stanolind demurred to the foregoing answer on grounds that it failed to state facts sufficient to constitute a defense to the petition in the case, nor tender nor join any proper permissible issue in the case. When this demurrer was overruled it filed a reply denying each and every allegation contained in the answer.

Following joinder of issues under the foregoing pleadings the parties negotiated for several months respecting the execution of a new stipulation. Ultimately they wound up with one which was approved and signed by counsel for both parties and then filed in the district court. For all purposes, both informative and otherwise pertinent to this appeal, it may be stated the very first paragraph of this stipulation read:

"It is stipulated between the parties hereto this 11 day of April, 1956, that at the trial of this case the court shall consider as true and correct all facts and agreements contained in the stipulation filed herein, dated May 11, 1954. (This being the stipulation involved on the first appeal.)

"And in addition thereto the following facts:"

On June 25, 1956, the case was called for trial. All parties appeared and waived a jury. Following this action Cities called up for hearing a motion, it had filed that very day, to reform the second stipulation, based on grounds the words "and agreements" appearing in paragraph 1 of that instrument had been incorporated through inadvertence and mutual mistake of counsel for Stanolind and Cities and contrary to the mutual understanding and agreement of counsel for the respective parties thereto. Prior to presentation of this motion Cities filed an amended motion to reform the second stipulation. This motion was based on the same grounds as the original and asked that paragraph 1 of the second stipulation be reformed to read:

"It is stipulated between the parties hereto this 11th day of April, 1956, that at the trial of this case the Court shall consider as true and correct all facts contained in the stipulation filed herein dated May 11, 1954, except paragraph 13 thereof."

In the interest of clarity we pause here to point out that the

intent and purpose of this amended motion was to procure an order which would entirely delete paragraph 13 of the first stipulation from the second stipulation, whereas it had been included under the terms of the latter instrument as originally executed by the parties.

Following the introduction by Cities of evidence in support of its motion to reform the trial court announced that while it found no mutual mistake from that evidence it did find inadvertence on the part of Cities in executing its second stipulation and for that reason was sustaining its motion, which meant that such stipulation would go out. Upon this announcement counsel for Stanolind stated in substance that he had always intended to and might as well then move for judgment on the pleadings. The court then inquired whether he was asking for judgment on the pleadings by reason of paragraph 13 of the original stipulation on the theory the parties had made it a part of the petition. When this inquiry was answered in the affirmative the court announced it would hear the motion. Counsel for the parties then presented their views respecting the motion and at the close of all arguments the court stated and held:

"Anything further, gentlemen? Now the earlier proceedings this morning had to do with whether there should be some modification of the last stipulation that was filed, but there hasn't been any complaint about the original stipulation having been entered into by a mistake or inadvertence. It's in the case, as I see it. The opinion on the appeal puts it in expressly, so I don't think we can get away from it.

"Now, normally, if it wasn't for the original stipulation in this case, what Counsel has said is true, of course, you have a right to answer after the demurrer, but haven't you effectively tied your hands by that paragraph of the original stipulation in which you bound yourself, to suffer a judgment if the Court held that you had purchased all of the gas at the wellhead? I don't see how you can get away from that, gentlemen, because you have a right to limit the Court by stipulation and the Court is bound by it. I'll sustain the motion and judgment is rendered against the plaintiff [defendant] for $17,-788.92 and interest."

Thereupon, as has been previously indicated, Cities perfected the instant appeal wherein it specifies the trial court erred in sustaining the motion for judgment on the pleadings and in rendering judgment in favor of Stanolind.

At this point it should be noted that at the commencement of his oral argument in this court counsel for appellee announced that Stanolind Oil and Gas Company is now Pan American Petroleum Corporation, whereupon counsel for appellant stated it had been

agreed such corporation might be substituted as appellee. There-
fore, although we are not inclined to make a change in the title
of the case as filed with our Clerk, and shall continue to refer to
the parties as heretofore indicated, what is here stated and held
is to be regarded as applicable to all parties now involved in this
appeal, including Stanolind's successor in interest.

Appellant's position with respect to the errors assigned is that
they present three questions for review. These, stated in language
and order in which they appear in its brief, read:

"1. Was the stipulation of the parties of May 11, 1954, a part of plaintiff's
petition for all purposes, including plaintiff's motion for judgment on the
pleadings, or was it limited to a consideration and determination, by the court,
of defendant's demurrer to such petition?

"2. Does said stipulation of May 11, 1954, including paragraph 13 thereof,
preclude defendant from interposing and relying upon its answer and proving
the defenses set forth therein?

"3. Did defendant agree by such stipulation that judgment should be, by the
court, entered against it in this case?"

At the outset it should be stated that in approaching considera-
tion of the foregoing questions, either singly or collectively, it must
be remembered that the parties themselves are responsible for the
procedure which, in both this and the first appeal, compelled this
court, and we may add the court below, to treat, accept as true, and
give full credence to a stipulation to which they had each solemnly
agreed, as a part and parcel of Stanolind's petition. In other words
having joined in making the stipulation a part of that pleading and
thus participated in the creation of a novel situation, which we pause
here to note makes many established rules of our decisions having
to do with procedure inapplicable, Cities is bound to accept the
benefits and burdens of the stipulation and cannot be heard to say
its terms and conditions are to be disregarded in determining the
propriety of the trial court's ruling on the motion for judgment on
the pleadings.

In our opinion the answer to question No. 1 is to be found in the
language of the stipulation itself. Reference to paragraph 13 of that
instrument discloses that the parties themselves agreed "The sole
controversy between the parties is whether the gas retained . . .
was gas purchased under the contract" and that "the determination
of said controversy depends upon the . . . construction . . .
of the instruments involved in this litigation." If they had stopped
with these sentences there might be some merit to appellant's posi-

tion the stipulation was limited to consideration of the demurrer. But they did not do so. Instead they went on and stipulated, which we repeat and underline for purposes of emphasis, as follows:

". . . If defendant did not purchase said gas under the Gas Purchase Contract, then defendant's deductions of the same before determining the installments due on the purchase price of the gathering system were correct. If, on the other hand, defendant did purchase said gas under the Gas Purchase Contract, then said gas should have been included in determining the installments due, under the Bill of Sale, on the purchase price of the gathering system, in which event, plaintiff is entitled to judgment against defendant in the amount of $17,788.92, with interest, and costs as prayed for by it in its petition."

Why, we inquire, the addition to the stipulation of the last quoted sentences unless the "sole controversy," theretofore referred to, was to be determined and disposed of in accord therewith? In and of itself we think the language just quoted compels a conclusion the stipulation was a part of the petition for all purposes, including the motion for judgment on the pleadings.

Inasmuch as it is apparent the answer to question No. 2 is dependent upon our answer to question No. 3 we shall dispose of the last mentioned question before giving any consideration to question No. 2. What has been related in the preceding paragraph of this opinion should be sufficient to require an affirmative answer to this question. Even so we proceed further and hold that the last quoted provisions of paragraph 13 of the stipulation show on their face that if appellant purchased the gas in question under the Gas Purchase Contract, as this court held in the opinion of *Stanolind Oil & Gas Co. v. Cities Service Gas Co.*, 206, supra, then, and in that event, appellee would be entitled to judgment. Indeed, to hold otherwise would require that we not only ignore but refuse to give the language employed by the parties with respect to the subject its plain, ordinary and accepted meaning. *Coburn v. Simpson*, 102 Kan. 234, 170 Pac. 383, cited by appellant in support of its position on this point, is clearly distinguishable and affords no sound ground for a contrary conclusion. In fact syllabus 2 of the opinion in that case definitely indicates a motion for judgment on the pleadings is properly sustained if a stipulation of facts contains something fatal to recovery by either of the parties to an action. Here, as we have indicated, the stipulation does contain such a provision.

Having determined that appellant agreed in the stipulation that judgment should be entered against it upon determination of the question whether it had purchased gas under the Gas Purchase Con-

tract, and since it has been finally determined by this court in *Stanolind Oil & Gas Co. v. Cities Service Gas Co.,* supra, that it had done so, we have little difficulty in concluding that the stipulation of May 11, 1954, precluded it from interposing, relying upon and proving the defenses set forth in the answer filed by it in the court below. We are cited to and know of no decisions holding that under the existing facts and circumstances appellee can be regarded as having acquiesced in and waived its right to insist that judgment in its favor should be rendered on the pleadings by reason of such stipulation. Indeed in the face of the record disclosed by the factual statement of this opinion our view is the exact contrary appears.

It is to be noted that up to this point our conclusions to the effect the quoted questions require affirmative answers have been based entirely upon what we regard as the clear and unequivocal terms and provisions of the stipulation. Notwithstanding, since the issue has been raised, we have examined the entire record in this appeal and the one decided in 178 Kan. 202 on the basis of the intention of the parties at the time of its execution and feel impelled to state that when reviewed on that basis we would have even less difficulty in reaching a like conclusion with respect to the questions posed by the appellant.

We shall not attempt to here discuss any of the numerous arguments advanced regarding the established rules of this jurisdiction dealing with judgments on pleadings or the numerous decisions cited by appellant with respect thereto which might be in point were it not for the unusual situation, brought about by the parties, to which we have previously referred. It suffices to say, the over-all answer to such arguments is that the rules relied on have no application and the decisions cited no value as controlling precedents in a situation where the parties have stipulated as here indicated and then made their stipulation a part of a plaintiff's petition.

Nor are we inclined to labor extended portions of appellant's brief containing arguments and dealing with matters which, when carefully analyzed, can only be considered as a complaint to the effect our decision in *Stanolind Oil & Gas Co. v. Cities Service Gas Co.,* 178 Kan. 202, 284 P. 2d 608, was erroneous and actually amount to a plea for a review and reversal of such decision. That appeal was finally determined many months ago when we overruled the present appellant's motion for a rehearing in that case. Under such conditions it is neither necessary, required nor proper that we deal

with questions raised with regard to such matters or discuss arguments advanced with respect thereto. The rule in our jurisdiction is that when a second appeal is brought to this court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal and reconsideration will not be given to such questions. (*Waddell v. Woods*, 160 Kan. 481, 163 P. 2d 348.)

We find nothing in other arguments advanced by the appellant or in decisions cited in support thereof which either compel or warrant conclusions contrary to those heretofore announced in this opinion respecting the force and effect to be given the stipulation entered into by the litigants involved in this case.

Therefore we hold that the trial court's action in sustaining appellee's motion for judgment on the pleadings was proper and that its judgment rendered in accord with such stipulation must be affirmed.

It is so ordered.