No. 41,371

EDWARD LANE, *Appellee*, v. FRANCO-CENTRAL OIL COMPANY, a Corporation, *Defendant;* GEORGE TREGELLAS and WHITIE GORHAM, Doing Business as G & W PIPE LINE CONSTRUCTION COMPANY of Great Bend, Kansas, *Appellants.*

(339 P. 2d 1)

Opinion filed May 16, 1959.

*H. Lee Turner,* of Great Bend, argued the cause and was on the briefs for the appellants.

*Melvin O. Nuss,* of Great Bend, argued the cause, and *Vernon L. Nuss,* of Great Bend, and *Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is a common law action to recover damages for personal injuries sustained by plaintiff (appellee) as a result of being thrown from a combine when it struck a stone fence post alleged to have been negligently left lying in a wheat field by defendants. Defendants (appellants) George Tregellas and Whitie Gorham, d/b/a G & W Pipe Line Construction Company, hereinafter referred to as G & W, demurred to the amended petition on the ground that the applicable statute of limitations had run and therefore the petition as amended failed to state a cause of action. From the trial court's order overruling the demurrer, defendants G & W appeal.

Plaintiff's injuries were sustained and his cause of action accrued July 5, 1955. The original petition in this action was filed July 1, 1957. Defendants G & W demurred to this petition on the ground that it did not state a cause of action. This demurrer was sustained November 21, 1957, and plaintiff was allowed twenty days

in which to amend. Plaintiff took no appeal from that ruling. Sometime in December, 1957, plaintiff filed an amended petition, whereupon defendants G & W demurred on the ground that the amended petition was filed more than two years after the date of the alleged injury and the cause of action was therefore barred by the two-year statute of limitations (G. S. 1949, 60-306 [Third]). The demurrer was overruled August 29, 1958, and this appeal followed. Plaintiff filed no cross-appeal from the order sustaining the demurrer to the original petition (G. S. 1957 Supp., 60-3314a), nor is the correctness of that order challenged by defendants G & W.

Admittedly, the amended petition was filed more than two years after the alleged injury was sustained. The only question presented for our determination may be simply stated: Where a demurrer to a petition is sustained on the ground that it does not state a cause of action and an amended petition is subsequently filed, does the amended petition relate back to the date of the filing of the original petition to toll the running of the statute of limitations, where no appeal or cross-appeal has been taken from the ruling on the first demurrer?

The precise question has been before this court on several occasions and has been conclusively determined in the negative. (*Clark v. Wilson* 149 Kan. 660, 88 P. 2d 1070; *Turner v. Benton*, 183 Kan. 97, 325 P. 2d 349, and cases cited therein.) In those cases we held that where a demurrer to the original petition is sustained on the ground that it does not state a cause of action and no appeal is *ever* taken from that ruling or order, we must treat the demurrer as properly sustained and, under the circumstances, such ruling becomes an order not reviewable by this court. Since no action is commenced by the filing of a petition which does not state a cause of action, such filing does not toll the running of the statute of limitations and the filing of an amended petition does not relate back to the date of the filing of the original petition.

The amended petition in the instant case was filed more than two years after the cause of action accrued. Since the statute of limitations had run against plaintiff's claim, the trial court erred in overruling the demurrer to the amended petition. The judgment is therefore reversed with directions to sustain defendants G & W's demurrer to plaintiff's amended petition.

It is so ordered.