No. 41,395

Beatrice McGee, *Appellant,* v. The City of Kansas City, Kansas, a Municipal Corporation; J. A. Tobin Construction Co., a Corporation; and Keith Witt, *Appellees.*

(339 P. 2d 2)

Opinion filed May 16, 1959.

C. D. Bruce, of Kansas City, argued the cause and was on the brief for the appellant.

George W. Haley, Assistant City Attorney, argued the cause, and C. W.

*Brenneisen, Jr.,* City Attorney, and *Leo J. Moroney, Francis J. Donnelly, Joseph A. Bukaty,* all Assistant City Attorneys, and *Joseph A. Lynch,* Deputy City Attorney, all of Kansas City, were with him on the briefs for the appellee City.

*A. C. Cooke,* of Kansas City, argued the cause, and *Blake A. Williamson, James K. Cubbison, Lee Vaughan,* and *Donald A. Hardy,* all of Kansas City, were with him on the briefs for the appellees Keith Witt and J. A. Tobin Construction Company.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the trial court sustaining a demurrer to appellant's second amended petition on the ground it fails to state a cause of action.

The allegations of the petition may be summarized as follows: Appellant wished to purchase a house in an area of Kansas City, Kansas, between 7th and 18th Streets which had been condemned for Turnpike purposes. On May 29, 1956, she contacted one Elmer Wilhelm, an employee of the City of Kansas City, to inquire about such purchase, and was referred to one Keith Witt, an employee of the J. A. Tobin Construction Company. Allegedly both the City and the Tobin Construction Company were in charge of sale and disposition of houses in the condemnation area. Upon inquiry appellant was informed by Witt that she should go to the condemned area and inspect and pick out the house she wanted and then, upon contacting Witt, he would complete the sale to her. The same day, May 29, 1956, appellant went to the condemned area and inspected several of the houses. Upon leaving one house which she had chosen to purchase appellant was arrested by a policeman for trespassing. Subsequently, and on June 14, 1956, appellant was tried and convicted in the police court of Kansas City. The evidence at the trial showed that the house appellant had entered belonged to another purchaser. Appellant was fined $25 and upon payment of $15 was paroled from paying the balance.

Appellant alleges further that the appellees (the City, Witt and the Construction Company) knew of police regulations restricting entry to the condemned area but failed to inform her of them; and that appellees carelessly and negligently failed to warn her or prevent her in any way from entering houses in the area which had already been sold. She alleges that her arrest, detention and fine were caused by this carelessness and negligence and prays for judgment against the appellees in the amount of $5,000.

Attached to and made a part of the petition is a "notice of accident" which appellant filed with the City Clerk on July 16, 1956. This notice states in effect that on May 29, 1956, appellant was sent by agents of the City and the Turnpike Authorities to look at houses for sale in the condemned area; that she went to one house which she wished to buy; that "a woman" caused her arrest and conviction for trespassing; and that no one warned her not to go into the house or informed her that it was sold.

The original petition in this action was filed May 25, 1957. On August 15, 1957, the demurrers of each of the appellees thereto were sustained on the ground the petition did not state a cause of action. On October 8, 1957, appellant filed her first amended petition, demurrers to which were sustained on the same ground on July 10, 1958. Thereafter, on July 30, 1958, appellant filed her second amended petition. Like demurrers to this petition were sustained and this appeal followed.

Appellees, Witt and the Construction Company, argue that the second amended petition shows on its face that appellant's action was barred by the statute of limitations. We agree.

The pertinent portions of G. S. 1949, 60-306, provide:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

. . . . . . . . . . . . .

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; *an action for injury to the rights of another, not arising on contract,* and not hereinafter enumerated . . ." (Emphasis supplied.)

The second amended petition shows that the acts complained of occurred on May 29, 1956. As previously indicated, demurrers to both the original petition and the first amended petition were sustained on the ground such pleadings failed to state a cause of action. No appeals were taken from those rulings and error with respect thereto is not specified in the involved notice of appeal. From what has been heretofore stated it appears the second amended petition was not filed until July 30, 1958, more than two years after the occurrence of the acts complained of.

It is well-settled that, where a demurrer to a petition is sustained on the ground it does not state a cause of action and no appeal is taken from the ruling, this court must treat the unappealed ruling

as an adjudication that the petition did not state a cause of action. It is also well-established that, since no action is commenced by the defective petition, the statute of limitations is not tolled by its filing and a subsequent petition, filed after the statute has run does not relate back to the date of the filing of the original. See *Clark v. Wilson,* 149 Kan. 660, 88 P. 2d 1070; *Turner v. Benton,* 183 Kan. 97, 325 P. 2d 349; *Lane v. Franco-Central Oil Co.,* 184 Kan. 789, 339 P. 2d 1, and cases there cited.

Here the second amended petition was filed more than two years after the date of the alleged injury and demurrers to the two prior petitions had been sustained on the ground they did not state causes of action. Therefore, under the foregoing decisions, the filing of the second amended petition did not relate back to the date of the filing of the prior petitions. That being the case the second amended petition was filed after the statute of limitations had run and the appellees were entitled to the defense of the statute.

From what has been previously stated it becomes obvious the action was barred by the two year statute of limitations and the trial court did not err in sustaining the demurrers to the second amended petition. In view of this conclusion it is neither necessary nor required that we consider or determine other questions presented by the parties.

The judgment is affirmed.