No. 41,658 and No. 41,659

ROBERT T. ATKINSON, *Appellant*, v. JACK DALTON and A. SANDLER, a Massachusetts Corporation, *Appellees*.

(348 P. 2d 644)

Opinion filed January 23, 1960.

*Payne H. Ratner, Jr.,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Cliff W. Ratner, Gerald D. Lasswell, Edmund R. Learned, James R. Barr, Frank W. Hylton,* and *R. R. Barnes,* all of Wichita, were with him on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris,* and *Gerald Sawatzky,* all of Wichita, were with him on the briefs for appellee A. Sandler.

*H. E. Jones,* of Wichita, argued the cause, and *A. W. Hershberger, Wm. P. Thompson, Richard Jones,* and *Jerome E. Jones,* all of Wichita, were with him on the briefs for the appellee Jack Dalton.

The opinion of the court was delivered by

ROBB, J.: These appeals, which were consolidated for appellate review, are from the trial court's orders sustaining the separate demurrers of the defendants to plaintiff's second amended petition. The appeals also include previous orders of the trial court sustaining separate motions of defendants to quash service of summons upon them.

Our first determination must be whether the previous orders may be considered along with the rulings on the separate demurrers.

Plaintiff filed an original petition whereby he sought to obtain service upon the separate defendants, but the trial court sustained the separate motions to quash service of summons filed by each defendant. An amended petition was filed and similar motion to

quash were again sustained by the trial court. When a second amended petition was filed similar motions were overruled. Separate demurrers by defendants were subsequently sustained by the trial court and plaintiff at this point perfected appeals from the two orders, which appeals, as previously mentioned, were consolidated by this court for the purpose of determining the points here and now involved.

Defendants contend that plaintiff by pleading over cannot now claim error on the previous final orders sustaining the motions to quash service but can only complain of the orders sustaining the demurrers because of acquiescence in those previous final orders, and they submit ample authority to support this general rule of law. However, they frankly admit they can find no case with a record like ours that applied the rule. One good reason such authority could not be found is contained in G. S. 1957 Supp. 60-3314a, which reads as follows:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

We are compelled to say that on the record before us in this particular appeal, plaintiff is entitled to have the previous orders considered and determined. For a comparable situation, see *Foster v. Humburg*, 180 Kan. 64, 70, 299 p. 2d 46, where an appeal from a ruling on a demurrer allowed the determination of the correctness of a previous ruling by the trial court. The rule was stated thus:

"An aggrieved party who perfects a timely appeal from an order sustaining or overruling a demurrer to a petition, may have a review of prior rulings of which he complains, even though those rulings were made more than two months before the perfection of such appeal, provided that he gives notice he is appealing from such ruling." (p. 70.)

We, therefore, turn to the first ruling complained of in plaintiff's notice of appeal and specifications of error which is the trial court's order quashing service based on the allegations of the original petition filed against Dalton as follows:

"I

"Plaintiff is a resident of Irving, Dallas County, Texas. Defendant Dalton is a non-resident of the State of Kansas and his last known address is 7242 Alexander Drive, Dallas, Dallas County, Texas. Defendant is one of the persons contemplated by G. S. 1949, 8-401.

"II

"On or about the 27th day of August, 1956, at or about 11:55 o'clock p. m., plaintiff was operating an automobile traveling in a southerly direction on Oliver Street in Wichita, Sedgwick County, Kansas, and as he slowly approached the intersection of 37th Street North and Oliver Street . . . Jack Dalton propelled and drove his car . . . into the rear end of the car which plaintiff was operating. . . ."

For his cause of action against defendant A. Sandler, a Massachusetts corporation, plaintiff stated:

"Plaintiff is a resident of Irving, Dallas County, Texas. Defendant is a non-resident of the State of Kansas, and its last known place of residence is Needham Heights, Boston, Massachusetts. Defendant A. Sandler, a corporation, is contemplated by G. S. 1949, 8-401."

The remaining allegations pertaining to A. Sandler adopt paragraphs II through IX of his first cause of action against Dalton, and in addition contain general allegations of agency.

On February 3, 1958, the trial court, upon plaintiff's oral motion requesting service of process as provided in G. S. 1949, 8-401, and after examination of the petition and its verification, found that Dalton was one of the class of persons contemplated in G. S. 1949, 8-401. It was further found that plaintiff had fully complied with G. S. 1957 Supp. 8-402, whereby service of process under G. S. 1949, 8-401 was proper. Copy of the process, petition, the trial court's order, and notice of service thereof upon the secretary of state were ordered to be delivered to Dalton by registered mail or personally without the state by a sheriff or deputy sheriff in such state. It was further ordered that the clerk of the district court of Sedgwick County should issue "service of process" to be served on the secretary of state, as agent of Dalton, pursuant to G. S. 1957 Supp. 8-402.

On the same day the trial court made the same order as to defendant A. Sandler, a corporation.

On February 3, 1958, the court clerk issued a summons to the secretary of state, as agent for Dalton, requiring him to answer on or before March 5, 1958, or the petition would be taken as true and judgment rendered accordingly. The sheriff was required to make return on or before February 13, 1958. Damages for $202,500.00 were claimed.

Shawnee county sheriff served the secretary of state with summons and a copy of the petition and made his return thereon on February 5, 1958. On February 13, 1958, plaintiff's attorney filed an "affidavit of mailing" showing that on that date he had mailed

a certified copy of summons showing the sheriff's return of service on the secretary of state as Dalton's agent, a certified copy of the petition and certified copy of the order authorizing service on the secretary of state, to Dalton, 7242 Alexander Drive, Dallas, Texas, by registered mail with return receipt requested.

The same procedure to procure service of summons was repeated in regard to defendant A. Sandler, a corporation, Needham Heights, Boston, Massachusetts.

Early in March, 1958, the defendants each appeared specially and moved the court for an order quashing service of summons for the reason that such service had not been procured according to the statutes of Kansas, was null and void, and of no effect. On March 24, 1958, the trial court generally sustained both motions by the defendants. Was the trial court in error in making these orders?

G. S. 1949, 8-401 provides that the acceptance by a nonresident, or his agent, operating a motor vehicle on Kansas highways, of the rights and privileges under our laws so to do shall be deemed equivalent to appointing the secretary of state as such nonresident's agent upon whom process may be served in any action growing out of an accident involving such vehicle, and process so served on the secretary of state shall be of the same legal force and validity as if served upon him personally within the state.

The procedure and manner of procuring and serving process upon nonresidents pursuant to G. S. 1949, 8-401 is provided by G. S. 1957 Supp. 8-402 which in pertinent part reads:

"The plaintiff shall file a verified petition . . . in the county where the cause of action arose . . . showing a cause of action against the defendant of the class contemplated in section 8-401 of the General Statutes of 1949; and shall further show in said petition or by affidavit, to the satisfaction of the judge of said court, that the defendant is one of the persons contemplated in section 8-401 of the General Statutes of 1949, and the residence of said defendant, and a description of the car . . . as near as the same can reasonably be ascertained by the plaintiff; and the time, place and nature of such accident, or injury. Upon such showing being made the judge shall make an order directing that service of process be made on the defendant as provided in section 8-401 of the General Statutes of 1949; and also, that a copy of the process, and petition, and of said order, and a notice that the same have been served upon the secretary of state . . . be delivered to the defendant by registered mail. . . . Proof of such service shall be made by affidavit filed in said cause by the person making said service. . . ."

Defendants contend, first, that the petition was required to but did not include an essential jurisdictional allegation that defendants

were nonresidents at the time of the accident; second, the petition did not describe defendants as the statute requires; and third, no notice was ever sent to defendants that process had been served upon the secretary of state. They rely on *Kelley v. Koetting*, 164 Kan. 542, 190 P. 2d 361, to support their first statement as to non-residence but when we examine that opinion we find these words in the third paragraph thereof:

"On matters pertinent to the issues involved the petition alleges that defendant, a resident of Texas, who had operated his automobile upon the public highways of Kansas and was a professional combine harvester engaged in the cutting of plaintiff's wheat. . . ." (p. 542.)

The Kelley case was not decided on the point that the words, "a resident of Texas," had significance as to defendant's residence prior to, at the time of, or subsequent to the occurrence of the accident but was determined on another feature appearing in the affirmative allegations of the petition. Therefore, we cannot say the Kelley case supports defendants' contention here.

In addition to alleging nonresidence of defendants, plaintiff specifically states that Dalton was one of the persons, and A. Sandler, a corporation, contemplated by G. S. 1949, 8-401.

We cannot agree with defendants' contention the legislature intended to require a plaintiff proceeding under 8-402 to allege that at the time of the accident the defendant, or defendants, were nonresidents but rather we hold the allegations of this petition are sufficient to comply with the statute.

In regard to the description of the automobile, we refer only to the statute which carries a modification, ". . . as near as the same can reasonably be ascertained by the plaintiff." We think the allegation in the petition on this point was sufficient.

Unless we are required to disbelieve the affidavit of plaintiff's attorney to the effect that on February 13, 1958, he sent to each defendant, by registered mail with return receipt requested, a "certified copy of summons showing service by the sheriff on the Secretary of State as defendant's lawful agent," which affidavit we are in no position to disbelieve, this opinion need not be burdened with a long discourse on defendants' third contention.

We conclude plaintiff's petition sufficiently alleges what was required under G. S. 1949, 8-401 and G. S. 1957 Supp. 8-402; that the trial court's orders directing constructive service thereunder on

the defendants were correct, and the later orders wherein defendants' motions to quash service of summons were sustained were error and should be reversed.

The later rulings of the trial court need not be determined. Examination of the numerous foreign authorities cited by diligent counsel are of little or no help because they are not in accord. Attention is directed to *Eisman v. Martin,* 174 Kan. 726, 258 P. 2d 296, and *Ruggles v. Smith,* 175 Kan. 76, 259 P. 2d 199, where interesting discussions of the nonresidence statutes appear although the problems are not identical with our present one.

Reversed.