No. 42,137

H. Milton Rudy and Russell A. Irion, *Appellants*, v. Louis Whaley and L. G. Craft, d/b/a Craft Oil Company, *Appellees.*

(360 P. 2d 863)

Opinion filed April 8, 1961.

*A. Martin Millard,* of Wichita, and *P. C. Frazee,* of Syracuse, were on the briefs for the appellants.

*A. M. Fleming* and *Bert J. Vance,* of Garden City, *James S. Terrill,* of Syracuse, and *Charles H. Fleming,* of Scott City, were on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was an action to recover for property damage sustained by the plaintiffs (appellants), H. Milton Rudy and Rus-

sell A. Irion, as a result of a fire alleged to have been negligently caused by the defendants (appellees), Louis Whaley and L. G. Craft, d/b/a Craft Oil Company.

Plaintiffs' cause of action accrued August 31, 1956. They filed their original petition against defendants Whaley and Craft, to which defendants directed certain motions. However, before defendants filed an answer, plaintiffs, on May 31, 1958, filed an amended petition (G. S. 1949, 60-756) within the two-year limitation provided by statute (G. S. 1949, 60-306, *Third*), making the Tri-State Insurance Company, defendants' insurance carrier, a party defendant. Subsequently, Tri-State moved to quash the service of summons upon it, which motion was, on January 2, 1959, sustained by the trial court. Defendants Whaley and Craft moved to strike from the amended petition all reference to Tri-State, both in the caption and body thereof, for the reason that it was not a party to the action. This motion was also sustained January 2, 1959, thus dismissing Tri-State as a party defendant in the action. Defendants Whaley and Craft then demurred to the amended petition on the ground that it failed to state a cause of action against them. This demurrer was sustained September 1, 1959, and plaintiffs were granted thirty days to file a second amended petition.

Plaintiffs took no appeal from the trial court's order sustaining the motion to quash service of summons on Tri-State or from the order striking from the amended petition all reference to Tri-State. They acquiesced in the rulings by filing, approximately nine months later (September 24, 1959), their second amended petition against Whaley and Craft only. The remaining defendants, Whaley and Craft, demurred to the second amended petition on the grounds that the applicable statute of limitations had run and that the petition failed to state a cause of action. On April 8, 1960, this demurrer was sustained, the action was dismissed and judgment was entered against the plaintiffs for costs.

Plaintiffs served and filed a timely notice of appeal from the last-mentioned judgment, and specified they were appealing from (1) the order of April 8, 1960 sustaining the demurrer to the second amended petition; (2) the order of September 1, 1959 sustaining the the demurrer to the amended petition, and (3) from the orders of January 2, 1959 quashing the service of summons on Tri-State and dismissing the action against it. All of the mentioned orders appealed from are assigned and argued as error in this court.

We will first treat the appeal from the orders quashing service of summons on Tri-State and dismissing it as a party defendant. These were final orders and reviewable in this court (G. S. 1949, 60-3302 and 60-3303); however, plaintiffs did not appeal within sixty days from the rulings thereon (G. S. 1949, 60-3309). They subsequently acquiesced in the rulings by filing their second amended petition against Whaley and Craft only. Therefore, the ruling sustaining defendants Whaley's and Craft's demurrer to the second amended petition did not extend the time for appeal from the separate orders concerning Tri-State only, since the action was, in effect, dismissed against Tri-State January 2, 1959. Therefore, plaintiffs are not entitled in this appeal to a review of these two orders.

We will now pass to the next question: Are plaintiffs entitled to a review of the order of September 1, 1959 sustaining defendants' demurrer to the amended petition? G. S. 1959 Supp., 60-3314a provides that when an appeal has been timely perfected, the fact that some ruling of which the appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling. An aggrieved party who perfects a timely appeal from an order sustaining a demurrer to a second amended petition, such as in the instant case, may have a review of all prior rulings of which he complains, even though those rulings were made more than two months before the perfection of such appeal, provided that he gives notice he is appealing from such ruling or rulings. (*Foster v. Humburg*, 180 Kan. 64, 70, 299 P. 2d 46; *Harris v. Christy*, 166 Kan. 395, 397, 201 P. 2d 1067.)

In *Wilson v. Kansas Turnpike Authority*, 181 Kan. 1025, 317 P. 2d 843, we stated:

"Under the provisions of G. S. 1955 Supp., 60-3314a, where a defendant appeals from an adverse ruling on his demurrer to the petition he may have a review of all prior adverse rulings of which he complains if such rulings are included in his notice of appeal. (Following *Bortzfield v. Sutton*, 180 Kan. 46, 299 P. [2d] 584; *Smith v. Wright*, 180 Kan. 584, 305 P. 2d 810.)"

See also *Coe v. DeMars*, 184 Kan. 780, 339 P. 2d 72; *Atkinson v. Dalton*, 186 Kan. 145, 348 P. 2d 644.

The cases relied on by defendants (*Lane v. Franco-Central Oil Co.*, 184 Kan. 789, 339 P. 2d 1, and *McGee v. City of Kansas City*, 184 Kan. 797, 339 P. 2d 2) are not applicable, as they hold that when an appeal is taken from a final order and no appeal or cross-

appeal is taken from prior adverse rulings, such rulings are not reviewable by this court. In the instant case, plaintiffs not only appealed from the final judgment but also included in their notice of appeal the prior adverse ruling sustaining defendants' demurrer to the amended petition, and assigned the same as error in this court. They are entitled to have the same reviewed.

The question which then presents itself is whether the second amended petition, filed within the period of limitation, stated a cause of action under the doctrine of *res ipsa loquitur*.

The petition in pertinent part alleged that plaintiffs were operating the West Side Truck Stop in Syracuse; that defendant Craft was the owner and operator of a liquid fuel transport service and defendant Whaley was his agent and employee; that on August 31, 1956, Whaley was transferring gasoline from defendants' transport truck to the underground gasoline storage tanks of plaintiffs, and that he was in sole and exclusive charge and management of such transfer of the gasoline; that defendant Whaley called Mr. Pope over to defendants' tractor and requested him to hold certain loose battery connections (the battery was attached to the rear of the tractor cab), while Whaley attempted to start the tractor motor, which attempt was unsuccessful; that from 12:15 to 1:00 p. m. defendant Whaley was the only person on the north side of the truck stop and in the immediate vicinity of the mentioned tanks, and that the underground gasoline lines servicing the structure were in proper functioning order prior to the fire.

The petition further alleged:

"THAT on said day, there was no possibility of concentrated static electricity in the air from electrical storm; that the weather was clear; that there was a slight wind out of the north-northwest at approximately fifteen knots. THAT at approximately one o'clock p. m. on the date as afore-alleged, the defendant Whaley did negligently and carelessly either by act of commission or omission known only to the defendant Whaley and while solely and exclusively under the management and operation of Whaley, *the aforesaid transport owned by Craft Oil Company, caught fire.* THAT *the aforesaid fire from the tanks and transport caught the service station operated by the plaintiffs under aforesaid lease, afire, burning the same to the ground.* [Emphasis supplied.]

"THAT it is impossible to determine from examination of the residue the exact point of origin of the afore-alleged fire, except that it was in the immediate vicinity of the transport and tanks, all of which were at the time as aforeset out; under the exclusive control and management of the defendant Whaley.

"THAT the fire, as afore-alleged, started by the negligent, careless acts of the defendant Whaley without any contribution from the plaintiffs or anyone else or viz major.

"THAT the fire and plaintiffs' damage were the direct and proximate result of the negligent acts of commission or omission on the part of the defendant Whaley. THAT plaintiffs do not know and cannot specifically allege said acts of omission or commission but that they are exclusively within the defendant Whaley's knowledge. The plaintiff herein seeks to invoke the rule of *res ipsa loquitur*."

It was also alleged that as a result of the fire the plaintiffs lost various merchandise. They asked judgment for the value thereof.

The defendants contend that the amended petition failed to allege the thing or instrumentality, namely, the truck, caused the damage; that it was a matter of conjecture whether the fire was caused by the instrumentality or whether the fire resulted from some other cause. They rely on the case of *Emigh v. Andrews,* 164 Kan. 732, 191 P. 2d 901.

The *Emigh* case was discussed and distinguished in the case of *Kitchen v. Smith,* 184 Kan. 188, 334 P. 2d 413, which discussion need not be repeated here, except to state that the petition in that case contained no allegation that the truck started the fire or that it emitted sparks which resulted in the fire. The alleged facts raised at most only a presumption that the truck caused the damage. The substance of the court's holding was that until the initial, or fundamental fact—the cause of the injury—was known, an inference of defendant's negligence did not arise therefrom which the defendant was required to rebut, and the doctrine of *res ipsa loquitur* was not applicable. In other words, as long as the thing which occasioned the injury is unknown, it cannot be said to speak for itself and thereby raise an inference of negligence. The omission in the *Emigh* case is supplied in the amended petition in the instant case, wherein it is alleged that defendants' transport truck caught fire and the fire from the transport truck caught the service station operated by plaintiffs afire, burning the same to the ground.

We have been inclined to write a chapter on the doctrine of *res ipsa loquitur* each time such a case has reached this court, and, as a result, the doctrine has been generously treated in our jurisdiction. Some of our recent cases on the subject applicable here are *Kitchen v. Smith,* supra; *Worden v. Union Gas System,* 182 Kan. 686, 324 P. 2d 501, and *Lamb v. Hartford Accident & Indemnity*

*Co.,* 180 Kan. 157, 300 P. 2d 387, and cases cited and reviewed therein.

The substance of the holdings in the mentioned cases is that when a thing which causes injury without fault of the injured person is shown to be under the management and control of the defendant or his servants, and the injury is such as in the ordinary course of things does not occur if the one having such management or control uses proper care, it asserts reasonable evidence in the absence of an explanation that the injury arose from the defendant's want of care. It has been stated repeatedly that the force and the justice of the doctrine stem from the consideration that the defendant in control of the instrumentality has it within his power to produce evidence of the cause of injury, while the plaintiff is without such knowledge and must therefore rely on proof of the circumstances.

Measuring the allegations of the amended petition in the instant case against the stated requirements for invocation of the doctrine, it is clear that the petition is sufficient to establish a *prima facie* case based on *res ipsa loquitur* without alleging generally the means by which the transport truck caught on fire. In this respect is was sufficient to allege that the defendants' truck unit caught on fire and that the fire from the same caught the service station of the plaintiffs afire, burning it to the ground. Other allegations in the petition fully set out the attendant circumstances, foreclosing any other possible cause of the fire. This case is clearly controlled by *Kitchen v. Smith,* supra. The trial court erred in sustaining defendants' demurrer to plaintiffs' amended petition.

Finally, it is contended that the second amended petition failed to state a cause of action. It is not necessary to set forth its allegations. Suffice it to say, the second amended petition only enlarged and amplified the averments of the amended petition by setting out more definitely that which was previously imperfectly pleaded.

It is a well-established rule in this state that when an original petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of the amended petition only enlarge and amplify the averments of the original petition by setting out more definitely that which was previously imperfectly pleaded, and do not set up a new cause of action, the fact that the statute of limitations has run at the time the amended petition is filed is not a bar to recovery, because, in such case, the amended petition relates back to the date of the filing of the former

one. (*Foster v. Humburg*, supra, p. 69.) The court erred in sustaining defendant's demurrer to plaintiff's second amended petition.

In conclusion, it may be stated that (1) the amended petition filed within the period of the statute of limitations stated a cause of action and the trial court erred in sustaining a demurrer thereto, and (2) the second amended petition, being merely an enlargement and amplification of the averments of the amended petition, stated a cause of action and the lower court erred in sustaining defendants' demurrer thereto. The judgment of the trial court is reversed and the case is remanded with directions to set aside its judgment and reinstate plaintiffs' second amended petition, directing the defendants to file their answer, and to proceed with the trial of the action in accordance with the views herein expressed.

It is so ordered.